# M. D. SUITOR v. STATE.

No. A-738.   Opinion Filed November 2, 1911.

(118 Pac. 412.)

1. **APPEAL AND ERROR—Review—New Trial.** Where the evidence in a case conclusively establishes the guilt of appellant, and there is not in the record anything to indicate that upon a second trial an intelligent and honest jury would reasonably arrive at any other verdict than that of the guilt of appellant, a new trial will not be granted, except for fundamental errors.

2. **INDICTMENT AND INFORMATION—Conviction of Lower Offense—Assault.** (a) Where an indictment or information charges a felony which the district court has jurisdiction to hear and determine, the jurisdiction of the district court extends, not only to the felony charged, but also to any lower grade of the offense which the proof may develop.

   (b) Where an information or indictment charges a defendant with an assault with intent to kill, and he is upon trial in the district court on said charge, it is competent for the jury to convict him of assault and battery, if warranted by the testimony, and the district court has jurisdiction to receive such verdict and enter judgment thereon.

(Syllabus by the Court.) .

*Appeal from District Court, Greer County; G. A. Brown, Judge.*

M. D. Suitor was convicted of assault and battery, and appeals. Affirmed.

*Garrett & Stewart,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   First. Upon the trial of this cause, when the same was submitted to the jury, the court handed the jury a number of different forms of verdict, among which was the following:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon oath find the defendant, M. D. Suitor, guilty of an assault and battery, and we fix his punishment at imprisonment in the county jail for the period of———— days, and a fine of ————."

It is insisted by counsel for appellant that the handing of this form of verdict to the jury by the trial court was reversible

error, because it by implication instructed the jury that, if they convicted the defendant of assault and battery, they must fix his punishment at imprisonment in the county jail and also assess against him a fine.

Section 2335, Snyder's Comp. Laws of Okla. 1909, is as follows:

"Assault, or assault and battery, shall be punishable by imprisonment in a county jail not exceeding thirty days, or by a fine of not less than five dollars, or more than one hundred dollars, or both, at the discretion of the court."

From this it is seen that a jury, when they convict of assault and battery, is not required to assess the punishment of a defendant at both fine and imprisonment, but that they may assess either one or the other, or both, at their discretion. We find, however, in turning to the record, that appellant did not reserve a proper exception to the form of verdict here complained of. The record shows that the court submitted to the jury a number of different forms of verdict, among which appears the form of verdict now complained of, and which was adopted by the jury, and that counsel for appellant reserved a general exception to these forms of verdict and a special exception to the form of verdict as to assault with a dangerous weapon. The court correctly instructed the jury in the general charge as to the punishment for assault and battery. We have no doubt that, if appellant had especially called the attention of the court to the form of verdict which was adopted by the jury, and of which they now complain, the court would have corrected the error contained therein. The general exception reserved by defendant to this form of verdict amounts to no exception at all, and will, therefore, not be considered by the court.

There was, however, error in the form of verdict submitted by the court to the jury, and which was adopted by them in finding their verdict. We find from the evidence in the record that appellant, without the least justification or excuse, struck the prosecuting witness over the head with a gun, cutting a gash therein, which bled freely, and which constituted a severe wound. We

are only surprised that the jury did not find the appellant guilty of a graver offense, and inflict a more severe punishment upon him. The gun with which the blow was struck weighed between two and three pounds, and some of the witnesses testified that death could be inflicted with it in the manner in which it was used, and that the blow cut the prosecuting witness to the skull. We think that, instead of complaining, appellant should thank the jury for the leniency with which he was treated. This was doubtless due to the ability of his counsel, because according to the testimony of appellant he should have been convicted by the jury. There is not one word of evidence in the record of justification or mitigation, and we think that the evidence proves the offense with which appellant was charged in the information, and we are surprised that the jury did not so find. It was error in favor of appellant for the court to charge on the law of assault and battery, and of this he cannot be heard to complain. We therefore cannot see any good purpose that can be subserved by granting to appellant a new trial on account of the error of the court in the form of the verdict. In the light of the entire testimony, we think that the error was clearly harmless.

Second. Appellant was prosecuted by information charging him with the offense of making an assault with intent to kill the party assaulted, by means of a deadly weapon of sufficient length and weight to likely inflict death on any person upon whom the same might be used as a bludgeon, and was convicted of an assault and battery. Appellant's counsel seriously contend that, because the district court has no jurisdiction to try a person charged with an assault and battery, the court was also without jurisdiction to receive a verdict for this offense and enter a judgment thereon. Section 6875, Snyder's Comp. Laws of Okla. 1909, is as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of any attempt to commit the offense."

The crime of assault and battery is necessarily included in the greater offense of assault and battery with intent to kill.

This question has been expressly passed upon in the case of *Nance v. State,* 21 Tex. App. 457, 1 S. W. 448. Judge Willson, one of the ablest judges who ever sat upon that court, disposed of it as follows:

"The exception to the jurisdiction of the court is not a sound one. The indictment charged a felony, which included a misdemeanor. A felony being charged, the district court had jurisdiction to hear and determine the case, not only as to the felony, but as to any lower grade of offense which the proof might develop. It is expressly so provided by the statute, and we cannot perceive that such provision is in conflict with the Constitution, as contended by defendant's counsel. Code Crim. Proc., art. 69. Such has been the holding of this court in several cases in which this question has been presented. *Harberger v. State,* 4 Tex. App. 26 [30 Am. Rep. 157]; *Ingle v. State,* 4 Tex. App. 91; *Montgomery v. State,* 4 Tex. App. 140."

We think that his decision is correct, and we adopt it as a proper solution of this question.

We find no material error in the record, and the judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.