## GEORGE ODOM v. STATE.

No. A-1679.    Opinion Filed December 17, 1912.

Rehearing Opinion Filed January 22, 1913.

(129 Pac. 445.)

1.    **COURTS—Jurisdiction—Indictment and Information—Duplicity.**
The jurisdiction of a district court over a felonious assault is not
defeated because the information charging the offense may be
duplicitous, nor on the theory that county courts, under Const.
art. 7, sec. 12, have exclusive jurisdiction of an offense, the
commission of which is necessarily included in that charged in
the information.

2.    **APPEAL—Parole—Dismissal.** Where a plaintiff in error accepts
a parole pending the determination of his appeal, he thereby
waives the right to have his appeal determined, and when the
attention of the court shall be called judicially to the fact that
a parole has been granted and accepted, the appeal will be dis-
missed.

(Syllabus by the Court.)

*Appeal from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

George Odom was convicted of aggravated assault, and ap-
peals. Appeal dismissed.

*J. B. Lucas, Niles & Burford,* and *Moman Pruiett,* for plain-
tiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was convicted of the
crime of assault with intent to do bodily harm, and was sentenced,
in accordance with the verdict of the jury, to imprisonment for
one year in the penitentiary. The judgment and sentence was
entered on October 6, 1911.

The indictment charged that on December 3, 1910:

"George Odom did unlawfully, feloniously and of his malice
aforethought and without authority of law, and without justifi-
able or excusable cause make an assault upon the person of one
Tom Stout, with the felonious intent to do bodily harm to him,

the said Tom Stout, with and by means of a certain gun or revolving pistol, the said gun or revolving pistol being then and there a dangerous and deadly weapon, by attempting to shoot at the said Tom Stout, and by striking the said Tom Stout with the said gun or revolving pistol, thereby inflicting a serious, painful, and dangerous wound or wounds in and upon the head of him the said Tom Stout, contrary," etc.

On arraignment the defendant entered a plea of not guilty.

The proof on the part of the prosecution tended to show the following facts:

Thomas Stout testified that on December 3, 1910, he was city marshal of the city of Checotah; that about nine p. m. of that day he was walking from the depot to town with Jimmie Gaskell and Billy Rhynehart, and just as they passed the express office, click-click went a gun, and the defendant held a gun in his face; that he threw his left hand up and pushed the gun away and said, "What is the matter, Mr. Odom?" The defendant said: "Don't talk to me, you g—— d—— cowardly son of a b——; I would rather kill you as a dog; I would rather kill you as to look at you," and, "hit me on the top of the head and knocked me down and pointed the gun in my breast and said if I didn't go home he would kill me." That he was bleeding from a wound on his head and went to a doctor. That the gash in his head was not very large but bled freely.

Jimmie Gaskell testified that the gun held by defendant looked like a forty-five caliber pistol; that the defendant cocked it before he struck Stout; that the defendant hit Stout twice with a gun over the head.

William Rhynehart, Ruben Self, and Sam Self testified substantially to the same state of facts.

Defendant, testifying on his own besalf, denied that he had a pistol; that he either struck Stout with his fist or with a whisky bottle. On cross-examination he admitted that he was convicted in the police court of Checotah for having a pistol on that occasion.

The only question presented by this appeal is the question of jurisdiction. The learned counsel in their brief say:

"If it is true that the indictment in this case charges both a felony and a misdemeanor in the same count, that under such indictment the defendant can rightfully be convicted of only the lesser offense, in this case a misdemeanor, then under our law the district court had no jurisdiction to try the cause, and in case of conviction pass sentence upon the accused."

We think that the contention is wholly without merit. The indictment charges a felony. The guilt of the defendant was clearly established, and there is no error in the record. It is our opinion that the appeal in this case is wholly without merit. The judgment of the district court of McIntosh county is, therefore, affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.

---

## OPINION ON REHEARING.

DOYLE, J.   This cause was submitted at the November term, and on December 17th was affirmed.   A petition for rehearing was granted and the case was assigned for the January term.   It has now been called to the attention of the court that plaintiff in error has been granted a parole by the Governor, which has been duly accepted by him.   The provisions of our act of Criminal Procedure which allow appeals by defendants, as a matter of right, from any judgment of conviction against them, do not give the right to a paroled plaintiff in error to still maintain and prosecute his appeal.   It is our opinion that the right of appeal does not exist when the defendant is not actually or constructively in custody, so that the judgment and sentence of the trial court can be enforced if affirmed by the appellate court.   It would be a farce to proceed to determine the merits of appeals unless the courts had control over the plaintiffs in error, so that their judgments might be made effective.   A plaintiff in error by accepting a parole abandons his appeal and waives the right to have it determined.

Therefore, it is considered that this appeal be, and the same is hereby dismissed, and the cause remanded to the district court of McIntosh county.

ARMSTRONG, P. J., and FURMAN, J., concur.