Ex Parte WILLS.

No. A-1835.    Opinion Filed June 5, 1915.

(148 Pac. 1069.)

1.    HABEAS CORPUS—Petition—Denial of Writ. Where the facts stated in the petition for a writ of habeas corpus, if established, will not warrant the discharge of the petitioner, the writ will be denied.

2.    SAME—Jurisdiction—Included Offense—Instruction. The offense set forth in the information is the one which fixes the jurisdiction of the court, and the court has jurisdiction over any included offense. It is the court's duty to submit an included offense, when any phase of the testimony warrants, and especially so upon request of counsel.

Application of George Wills for writ of habeas corpus. Writ denied.

*H. A. Johnson,* of Perry, for petitioner.

*The Attorney General,* opposed.

ARMSTRONG, J.  This was an application to this court for a writ of habeas corpus, which, omitting title and verification, is as follows:

"Your petitioner, George Wills, states to the honorable court and represents that he is restrained of his liberty and is unlawfully imprisoned at Perry, Noble county, State of Oklahoma, by one John L. McGehee. The cause of said restraint is that your petitioner was tried in the district court of Noble county, State of Oklahoma, for a felony on an information, a true copy of which is attached hereto and made a part hereof and marked 'Exhibit A,' and the jury before whom said cause was tried returned their verdict of guilty of an assault, a true copy of said verdict is attached hereto and made a part hereof and marked 'Exhibit B,' and that on the _____day of September the district court rendered its judgment upon said verdict sentencing your petitioner to serve 30 days in the county jail of Noble county, State of Oklahoma, and to pay a fine of $50.00, a copy of which

is hereto attached, marked 'Exhibit C.' But your petitioner alleges that said restraint is illegal and unauthorized, because said court has no jurisdiction to try misdemeanor cases, and that the act under which your petitioner was convicted has been repealed by implication by the Constitution of the State of Oklahoma, Art. 7, Section 12, wherein exclusive jurisdiction, in misdemeanor cases, is conferred upon county courts, and the section of the statute under which your petitioner was charged and found guilty provides for the trial and punishment of misdemeanors as well as felonies, and the same is therefore repugnant to the said Constitution and is void; said section being section 2337 of Snyder's statute. Wherefore, your petitioner prays your honorable court to grant a writ of habeas corpus, and that he be discharged without delay from such unlawful imprisonment."

Alleging time and venue, the information charges:

"Did then and there knowingly, willfully, unlawfully, and feloniously, with the felonious intent to him (the said George Wills) to then and there do bodily harm, and without justifiable or excusable cause, commit an assault upon the person of another, to-wit, T. W. Phillips, by the aid and means of a dangerous weapon, to-wit, a piece of wood, commonly known as a pitchfork handle, by then and there beating and striking him (the said T. W. Phillips) over the left arm and on the head of him (the said T. W. Phillips), making the left arm black and blue, and inflicting a dangerous wound on the head of him (the said T. W. Phillips), with the felonious intent of him (the said George Walls) to injure him (the said T. W. Phillips), contrary to," etc.

In the case of *Moody & Cowan v. State*, 11 Okla. Cr._____, 148 Pac. 1055, a strictly analogous question was considered. In the opinion it was said:

"The doctrine that an assault with intent to kill or intent to do bodily harm, etc., includes every other offense down to simple assault, is as old as our institutions. It is also a rule of equal age that the offense set forth in the indictment or information is the one that gives jurisdiction to the court; and, when this jurisdiction is once acquired, it is acquired for all purposes. An indictment charging murder may result in a conviction for simple assault and the imposition of a $10.00 fine. The jurisdiction of the court is fixed by the allegations in the indictment, and the fact that a jury may convict an accused of an included offense, which is a misdemeanor, does not oust the court of jurisdiction."

When there is jurisdiction of the party and of the offense of which he was tried, the decision of all other questions arising in the case is but an exercise of that jurisdiction, and the jurisdiction of the district court over a felonious assault is not defeated because the information charging the offense may be duplicitous, nor on the theory that county courts under Const. Art. 7, Sec. 12, have exclusive jurisdiction of an offense the commission of which is necessarily included in that charged in the information. *Odom v. State,* 8 Okla. Cr. 540, 129 Pac. 445.

Our Criminal Procedure provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Section 5923, Revised Laws.

We are of the opinion that the facts alleged in the information are sufficient to charge the crime of assault with a dangerous weapon with intent to do bodily harm. It follows that the district court had jurisdiction to try the informaion, and that petitioner is held by the process of a court of competent jurisdiction.

For the reasons stated, the writ will be discharged, and the petitioner remanded to the custody of the sheriff of Noble county.

DOYLE, P. J., and FURMAN, J., concur.