# HARRY MOORE v. STATE.

No. A-2780.  Opinion Filed May 5, 1919.

Rehearing Denied May 29, 1920.

(189 Pac. 1089.)

(Syllabus.)

1. **RAPE—Assault with Intent—Age of Prosecutrix—Previous Chaste Character.** Where an information charges an assault to rape a female under the age of 18 years of previous chaste and virtuous chracter, and avers that the said assault was made with force and violence, the defendant, upon legal proof, may be properly convicted, regardless of the age of the female assaulted, and whether or not she was of previous chaste and virtuous character.

2. **TRIAL—Instructions—Refusal of Requests.** Instructions requested and refused that direct an acquittal upon a finding of facts which do not constitute a legal defense to the offense charged are properly refused.

3. **APPEAL AND ERROR—Review—Error Favorable to Appellant.** Instructions given which instruct the jury to acquit the defendant, should they find from the evidence certain facts, which said facts do not constitute a legal defense to the offense charged, are more favorable to a defendant than he is entitled to, and cannot be urged by him as reversible error.

4. **CONTINUANCE—Absent Witnesses—Refusal.** Where the facts averred in a motion for a continuance that an absent witness would, if present, testify to, if true, would not be a legal defense to the offense charged, it is not error to overrule such motion.

5. **RAPE—Assault with Intent—Sufficiency of Evidence.** The entire record in this case carefully considered, and the evidence found to fully sustain the verdict rendered, and the trial of the case free from reversible error.

*Appeal from District Court, Garvin County;*
*F. B. Swank, Judge.*

Harry Moore was convicted of an assault with intent to rape, and he appeals.   Affirmed.

*Thompson, Patterson & Farmer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *C. W. King,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Harry Moore, hereinafter referred to as defendant, was informed against for the offense of assault with intent to rape, convicted and sentenced to imprisonment in the state penitentiary for a term of five years and adjudged to pay the costs of this prosecution.   To reverse the judgment rendered he prosecutes this appeal.

The information in this case was not demurred to.   It charges that the assault was upon a female under the age of 18 years and of previous chaste and virtuous character, and also charges the assault was made with force and violence by the defendant upon the person of the said female, with the intent to have sexual intercourse with her, thus charging but one offense, an assault to rape, and avers that at the same time the offense was committed by two distinct chains of facts.

The defendant filed a motion for a new trial on account of the absence of Frank Jones, a witness summoned by defendant, and by whom the defendant averred that he expected to prove facts showing that Evie Tate, the prosecuting witness, prior to the time of the alleged offense with which the defendant is charged, was guilty of immodest and indecent exposure of her nude person in the presence of a male, and that she was not of previous virtuous character.   The defendant did not aver in said motion that the witness Frank Jones was not absent by procurement or consent of the defendant.

The nature of the acts of the defendant, a married man, as shown by the record in this case, to forcibly have sexual intercourse with the prosecuting witness in an automobile and in the presence of another young woman and a degenerate male, are so revolting, and the language used by the defendant to the said prosecuting witness when assaulting her is so vile, that a recital of the facts is precluded by a proper regard for decency, and we will only say that the evidence establishes the guilt of the defendant as charged beyond a reasonable doubt, and that there is no evidence that the previous character of the prosecuting witness was other than that of a chaste and virtuous female.

The defendant requested the court to give the jury the following instructions, which the court refused to do, and the defendant excepted:

"Gentlemen of the Jury: To be of previous chaste and virtuous character within the meaning of this charge is that the prosecuting witness must have never had intercourse with any male person, that is, she must be a virgin, and in this case, unless you find from the evidence adduced beyond a reasonable doubt that the prosecuting witness, Evie Tate, has never had sexual intercourse with a male person, you will acquit the defendant of this offense of assault to rape, as charged in the information."

The court among other instructions gave the jury instructions respectively numbered 3, 7, 10, and 12, and to the giving of each of said instructions the defendant excepted.

The defendant insists that the court committed reversible error in overruling the motion for a continuance. The motion is defective on its face in failing to state therein:

"That the said absent witness is not absent by the procurement or consent of the defendant."

"An affidavit for a continuance should state that the witness is not absent by the procurement or consent of the defendant." *Musgrave v. State,* 3 Okla. Cr. 423, 106 Pac. 545.

It was averred in the motion for the continuance that the facts of want of virtue and chastity on the part of the said Evie Tate and the immoral acts of the said prosecuting witness to which the absent witness would testify were known to Will Smith, who was examined as a witness for the defendant, but was not asked a question by the defendant, as to his knowledge of the previous character or immodest acts of the said Evie Tate. On the other hand, the evidence of the said Will Smith exonerates her of the immoral acts and unchaste character which it is averred in said motion the said Will Smith had knowledge of.

At best, the testimony of Frank Jones would be only cumulative, and his absence not a legal ground for continuance.

"As a general rule, a continuance will not be granted to secure cumulative evidence." *Rose v. State,* 8 Okla. Cr. 294, 127 Pac. 873.

The entire testimony which it is averred in the motion for a continuance that the said Frank Jones would give was alone to show that the said Evie Tate was not of previous chaste and virtuous character, which testimony, if true, would not, under the uncontradicted evidence in this case that the assault charged was made with force and violence, be a defense to the crime of assault to rape.

"Any female may be the subject of an attempt to rape, or an assault with intent to rape, whether she has reached

the age of puberty or not, and whether she is of chaste or unchaste character." 33 Cyc. p. 1420d.

"When an application for a continuance is made by a person on trial and overruled by the court, all the * * * evidence adduced at the trial will be considered by this court in determining whether or not the exercise of discretion by such court was abused in denying the application." *Harrison v. State,* 10 Okla. Cr. 210, 135 Pac. 948.

Bearing in mind all the facts and circumstances disclosed by the evidence in the instant case and that the testimony of the absent witness would not have been a defense to the crime charged, and would have been merely cumulative, we are of the opinion that the court did not abuse its discretion or err in overruling the motion for a continuance.

The requested instruction of the defendant was properly refused for the reason it directed the acquittal of the defendant "if the prosecuting witness was not of previous chaste and virtuous character," which is not the law where, as in the instant case, the assault was made with force and violence and with the announced intention to her "to have sexual intercourse with her or die."

Instruction No. 3, given to the jury, correctly defines rape as defined by section 2414, Revised Laws 1910, and was free from error.

Instructions 7, 10, and 12, given the jury, do not properly instruct the jury in the law of this case, and were more favorable to the defendant than he was entitled to, as each instructs the acquittal of the defendant if the jury did not believe beyond a reasonable doubt "that the prosecuting witness was under the age of 18 years, and of previous chaste and virtuous character," while under the uncontra-

dicted evidence in this case the defendant could be legally found guilty as charged in the information regardless of what the age or previous character of the prosecuting witness as to chastity and virtue was, and the giving of such instructions were not such errors as the defendant can legally complain of.

"The defendant cannot be heard to complain because error was * * * to his advantage. The law never considers a question of error except in behalf of those who are injured thereby." *Hunter v. State,* 6 Okla. Cr. 446, 119 Pac. 445.

The defendant further earnestly complains that the attorney employed in the prosecution was guilty of improper conduct when addressing the jury in saying, "This defendant is the most noted outlaw in this country, a debaucher and jackal of society," because said denunciation of the defendant was not supported by the evidence, and was prejudicial to the defendant. Upon objection of the defendant the court instructed the jury to determine the case according to the evidence and to disregard unwarranted statements of the cause. We think, under the disclosures contained in the record, that the said denunciation of the defendant was not sufficiently prejudicial to warrant a reversal.

The defendant also urges that the punishment awarded is excessive. This contention is without merit. The uncontradicted evidence amply supports the finding of the jury.

The defendant did not offer any evidence in support of his plea of not guilty. The record shows that he had a fair trial, free from fundamental error, and the uncontradicted evidence establishes the fact that he violently as-

saulted the prosecuting witness with the announced intention of having sexual intercourse with her.

"Where the evidence in a case is clear as to the guilt of an appellant, and there is no reason to believe that upon a second trial an intelligent and honest jury could arrive at any other verdict than that of guilt of the accused, the judgment of the lower court will not be set aside for anything less than fundamental errors." *Carter v. State,* 6 Okla. Cr. 232, 118 Pac. 264; *Suitor v. State,* 6 Okla. Cr. 305, 118 Pac. 412; *Smith v. State,* 6 Okla. Cr. 380, 118 Pac. 1003.

Finding no fundamental error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.