## BILL VOWELL et al. v. STATE.

No. A-7360.   Opinion Filed May 10, 1930.
(287 Pac. 1108.)

T. J. Henshaw, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Cleveland county of the crime of having possession of a still, and their punishments fixed as follows: Elmer Vowell and Charlie West were each fined $50 and each sentenced to confinement in the county jail for a period of 30 days.   Bill Vowell was fined $150 and to be confined in the county jail for 90 days.   It is from these judgments and sentences that the defendants herein appeal.

The evidence of the state shows that on the 8th day of November, 1928, the defendants had in their possession a still and worm capable of being used in the manufacture of whisky, and that said still was actually being operated by defendants at the time of their arrest in the manufac-

ture of whisky. The defendants claim that they had heard about this still, and had merely gone to the premises to see it at the time they were arrested by the officers. In rebuttal, the state showed that defendant Bill Vowell's Ford touring car had been driven in between the house and the cave, and that the still had been set up behind the car after the car had been driven there by defendant Bill Vowell.

The defendants contend, first, that the court erred in overruling their application for a continuance. The application was insufficient, for the reason that it failed to state that the witness was not absent by the procurement or consent of the defendants, and did not state that the defendants had no other witness by whom the facts alleged in the application could be proved. Moore v. State, 17 Okla. Cr. 467, 189 Pac. 1089.

When the application for continuance was presented to the trial court, the county attorney admitted that, if the witness was present, she would testify to the facts stated in the application, and that said facts were true, and thereafter the defendants read the application for a continuance to the jury as the evidence of the absent witness. The application for the continuance being insufficient, it was not error for the trial court to overrule the same.

The defendants next contend that the evidence is insufficient to support the verdict of the jury. The defendants particularly contend that the state should have introduced the still in evidence, and that it was impossible to make a case without the production and introduction of the still. There is no merit in this contention. The fact of possession in cases of this character may be proved the same as any other fact in the case. The evidence of

the state, taken in connection with the facts and circumstances surrounding the defendants, was amply sufficient to support the verdict of the jury.

The defendants next contend that the court erred in overruling their application for a new trial on account of statements made by the juror R. H. Wingate prior to the impaneling of the jury and without the knowledge of defendants. It appears from the record that the defendant Bill Vowell had been tried upon another liquor charge at the same term of court, and had been acquitted, and that the juror Wingate was a member of that jury. Defendants attached to their motion for new trial the affidavit of one Joe Hicks who made affidavit: "That on the 15th day of January, 1929, he heard the said juror, R. H. Wingate, make the statement that he thought the defendant Bill Vowell was only a country boy, but that he had since learned that he was the biggest bootlegger in the country."

The record does not contain the examination on the voir dire of any of the jurors. Apparently the defendant, having been acquitted a short time previously by a jury of which the juror Wingate was a member, felt that his case would be perfectly safe in such juror's hands, and apparently made no effort to ascertain from said juror any information that might be prejudicial to his interests. After the verdict was returned, and the defendant Bill Vowell found guilty in the case at bar, he discovers that the juror had made remarks that showed him disqualified to sit as a juror. This case being a misdemeanor, the verdict could have been returned by five jurors. The evidence clearly established the guilt of the defendants. They could not have been prejudiced by the fact that the juror Wingate sat in their trial. Defendants will not be permitted to play fast and loose with the court in matter of juries. In cases like the one at bar, where the defendants

apparently made no effort to ascertain the disqualifications of the juror, and permitted a juror, without objection on their part, to sit in the trial of the case who had previously acquitted one of their number on another charge, they will not be permitted to gamble on their chances of acquittal and then predicate error upon the disqualification of the juror.

It appears from the record that all three of the defendants were equally guilty, but that defendant Bill Vowell received a sentence three times greater than did the other two defendants. The defendant Bill Vowell contends that, since the punishment is disproportionate, he must have been prejudiced by the fact that the juror Wingate sat on the jury. The evidence being the same against all three of the defendants, Bill Vowell's punishment is reduced to a fine of $50 and confinement in the county jail for a period of thirty days, and, as modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.