## HARRY S. WILLIAMS v. STATE.

No. A-9464. Feb. 10, 1939.

(87 P. 2d 344.)

Dave Tant, of Oklahoma City, and A. J. Stevens and C. E. Wilhite, both of Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case in substance charged that on or about the first day of March, in the county of Woods, the defendant, Harry S. Williams, did in the nighttime of said day, set fire to a frame dwelling house, in which there was no human being at the time, the same being the property and residence of said

Williams, located on lot 6, block 9, of Mable McGrath addition to the city of Alva.

Upon his trial the jury found him guilty as charged in the information and assessed his punishment at imprisonment in the penitentiary for two years.

From the judgment rendered in pursuance of the verdict on December 10, 1937, an appeal was taken by filing in this court on March 10, 1938, a petition in error with case-made.

On December 28, 1938, the Attorney General filed a motion to dismiss the appeal, "for the reason that said plaintiff in error has made application to His Excellency, the Governor, for clemency and has been given parole."

No response to the motion to dismiss has been filed.

The provisions of our Code of Criminal Procedure, 22 Okla. St. Ann. § 1051, which allow appeals by defendants, as a matter of right from any judgment of conviction against them, do not give the right to a paroled plaintiff in error to still maintain and prosecute his appeal, and where the plaintiff in error accepts a parole pending the determination of his appeal, he thereby waives the right to have his appeal determined, and when the attention of this court shall be called judicially to the fact that a parole has been granted and accepted, his appeal will be dismissed. Baxter v. State, 24 Okla. Cr. 41, 215 P. 639.

In Odom v. State, 8 Okla. Cr. 540, 129 P. 445, 446, we said:

"It is our opinion that the right of appeal does not exist when the defendant is not actually or constructively in custody, so that the judgment and sentence of the trial court can be enforced if affirmed by the appellate court. It would be a farce to proceed to determine the merits of the appeal unless the courts had control over the plaintiffs in error, so that the judgments might be made effective. A plaintiff in error, by accepting a parole, aban-

dons his appeal and waives the right to have it determined."

It is therefore considered, adjudged and ordered that this appeal be and the same is hereby dismissed, and the cause remanded to the district court of Woods county.

BAREFOOT and DAVENPORT, JJ., concur.