**UNITED STATES of America ex rel. Frank REINA, Petitioner,**

v.

**NEW YORK STATE DIVISION OF PAROLE, Respondent.**

United States District Court
S. D. New York.
Feb. 16, 1965.

Frances Kahn, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., Brenda S. Soloff, Deputy Asst. Atty. Gen., of counsel, for respondent.

EDELSTEIN, District Judge.

This is an application for a writ of habeas corpus on the grounds that the applicant is being held in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241(c)(3) (1959).

The applicant was convicted of burglary in the third degree and grand larceny in the second degree in the County Court of Dutchess County, and on July 14, 1959, was sentenced as a second felony offender to a term of five to ten years in prison. He is now on parole under the supervision of the respondent, Division of Parole. A person on parole is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) (1959). Jones v.

Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 285 (1963); United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir.1963); United States ex rel. Sadness v. Wilkins, 312 F.2d 559, 560 (2d Cir.), cert. denied, 374 U.S. 849, 83 S.Ct. 1910, 10 L.Ed.2d 1069 (1963). But cf. Matysek v. United States, 339 F.2d 389 (9th Cir.1964).

Applicant alleges, in effect, that he was denied due process of law in that evidence obtained as a result of an unlawful search and seizure was introduced against him at trial. Applicant does not deny that the search and seizure was incident to an arrest but alleges that the arrest was unlawful in that the arresting officers lacked either a warrant or probable cause. The applicant's second allegation is that a coerced confession was introduced against him at trial. His final allegation is that the evidence at trial was not sufficient to show that he had the requisite criminal intent.*

■ Applicant's first contention affords no basis for relief on habeas corpus in this Circuit. His affidavit shows that the state appellate proceedings concluded on December 19, 1960, when the New York Court of Appeals denied applicant leave to appeal. This denial was prior to the Supreme Court's decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Mapp has, as applied to petitioner, no retroactive effect. See United States ex rel. Carafas v. LaVallee, 334 F.2d 331 (2d Cir.1964);

United States ex rel. Angelet v. Fay, 333 F.2d 12 (2d Cir.1964).

■ Applicant's second allegation similarly provides no grounds for relief. Respondent contends that because no objection to the voluntariness of the confession was raised at trial and because the testimony conclusively showed the confession to be voluntary, the recent Supreme Court decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) is not applicable. The record also shows, however, that in accordance with the then New York law, the issue of voluntariness was submitted to the jury. Such a procedure was held to violate due process in Jackson v. Denno, supra. Subsequent to the filing of this application for habeas corpus, however, the New York Court of Appeals has held in People v. Huntley, New York Ct.App.1965, 255 N.Y.S.2d 838, 204 N.E. 2d 179, that Jackson v. Denno will be granted retroactive effect in the New York courts and set forth an appropriate state procedure for raising such claims. Therefore, as to this second allegation, the applicant has not exhausted his presently available state remedies, 28 U.S.C. § 2254 (1959). See Fay v. Noia, 372 U.S. 391, 417–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The application, insofar as it relates to the introduction of an allegedly coerced confession, must be denied " 'without prejudice to a renewal of the same,'" Fay v. Noia, supra, 372 U.S. at 419, 83 S.Ct.

---

* Respondent's answering affidavit affirms that applicant has not exhausted his state remedies solely because:

"I am informed by the District Attorney of Dutchess County that the above questions were not presented to the Appellate Division but that they were included in petitioner's application for certiorari to the United States Supreme Court."

Applicant, on the other hand, affirms that he has exhausted his presently available state remedies. His papers indicate that he was without counsel when he applied for leave to appeal to the Court of Appeals but that he believes that he relied on the brief, by assigned counsel, filed on

his behalf with the Appellate Division. That brief appears to contain no reference to the points now raised. In view of the disposition herein made of applicant's contentions, the scope of the arguments made in the New York Court of Appeals and the Appellate Division need not be decided. In no event could the resolution of this issue provide the applicant with any assistance. See Fay v. Noia, 372 U.S. 391, 418–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); United States ex rel. Kraywosz v. Wilkins, 336 F.2d 509, 511 (2d Cir. 1964); United States ex rel. Ortiz v. Wallack, 237 F. Supp. 854, S.D.N.Y.1965.

at 838, if the New York courts fail to protect the applicant's constitutional rights.

Applicant's final claim, that there was insufficient evidence, raises no question cognizable on habeas corpus, United States ex rel. Brogan v. Martin, 238 F.2d 236 (3rd Cir.), cert. denied, 351 U.S. 928, 76 S.Ct. 785, 100 L.Ed. 1457 (1956), when, as in the instant case, there is *any* substantial evidence to support the conviction. See Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

Application denied.