UNITED STATES ex rel.
John H. SULLIVAN

v.

COMMONWEALTH OF PENNSYL-
VANIA et al.

Misc. No. 3062.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1965.

John H. Sullivan, in pro. per.

DAVIS, District Judge.

The petitioner was convicted of corrupting the morals of a minor by the Court of Quarter Sessions of the Peace of Philadelphia County and was sentenced to not less than six nor more than twenty-three months in the county prison. He has served the minimum six months and is presently on parole. He must report periodically to a probation officer of the Quarter Sessions Court and may not leave the limits of the City of Philadelphia without permission. He has now petitioned this court for the second

time for a Writ of Habeas Corpus, the first petition having been dismissed due to his failure to exhaust his state remedies as required by 28 U.S.C. § 2254.

■ The initial question presented is whether a person who was convicted of a crime by a state court but who is now on parole and is restricted to the geographical limitations of a single city and is subject to immediate imprisonment for any violation of parole, comes within the definition of a "person in custody" under 28 U.S.C. § 2241 and § 2254 so as to give this court jurisdiction to grant habeas corpus. The Supreme Court has settled this issue in the affirmative in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). There, the petitioner, a state prisoner, had filed for a Writ of Habeas Corpus in the United States District Court while still incarcerated, but he was paroled before his case came up on appeal. The Court of Appeals for the Fourth Circuit refused to allow him to substitute the State Parole Board as respondent and dismissed the case as moot since petitioner was no longer in custody under the meaning of 28 U.S.C. § 2241. The Supreme Court reversed. While the statute nowhere defines "in custody", the Court reviewed the history of the Great Writ and concluded that it had never been limited to actual physical restraint in a jail or prison. It stated:

> History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus. * * *[1]

While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the "custody" of the members of the Virginia Parole Board within the meaning of the habeas corpus statute.[2]

■ Petitioner, first of all, contends that the police violated his Fourth Amendment rights by breaking into his home at 6:30 A.M. without a warrant and arresting him. He does not claim, however, that such conduct affected his trial or that any evidence was seized or introduced against him as a result. Even assuming that the arrest was illegal, no federal constitutional question arises under these circumstances. United States ex rel. Burgett v. Wilkins, 283 F.2d 306, 307 (2 Cir. 1960), Cert. denied 365 U.S. 848, 81 S.Ct. 810, 5 L.Ed.2d 812 (1961).

■ The petitioner complains of a violation of his Sixth Amendment rights in that the police held him for eighty hours without taking him before a magistrate and without informing him of his right to counsel and of the charges against him. Again he does not complain that a confession was elicited or that any prejudice resulted.

While it is unclear whether he had counsel at the preliminary hearing, he admits that he had counsel at the trial and also at the arraignment when he entered his plea of not guilty. Under these circumstances, his contentions do not indicate a deprivation of his constitutional rights. United States ex rel. O'Halloran v. Myers, 244 F.Supp. 169 (E.D.Pa.1965).

■ The petitioner argues that his counsel, a public defender, misrepresented him at the trial by failing to give full and vigorous support to his case and by failing to guard against irregularities of the trial prosecutor and Judge. These allegations must be rejected, for the trial record unequivocally indicates that the public defender did an excellent job in representing the petitioner and that the conduct of the trial Judge and of the prosecutor was perfectly proper.

---

1. See page 240 of the Opinion, 83 S.Ct. page 376.

2. See page 243 of the Opinion, 83 S.Ct. page 377.

Finally, the petitioner avers that his rights under the "due process" and "equal protection" clauses of the Constitution were violated. Specifically he argues that he was not tried for corrupting the morals of a minor, that no minor ever testified to that effect, and that there were no witnesses to substantiate the charge. From a cursory perusal of the trial transcript, it is obvious that the petitioner's contentions have absolutely no merit whatsoever. Furthermore, it is not the purpose of a federal habeas corpus proceeding to weigh the evidence or pass on the credibility of the witnesses at the trial in a State Court. United States ex rel. Oxman v. Keeper of Prison of Philadelphia County, 122 F.Supp. 297 (E.D.Pa.1954). It is plain beyond a shadow of a doubt that the petitioner is grasping at straws.

## ORDER

And now, this 3rd day of September, 1965, the petition for a Writ of Habeas Corpus is hereby denied without a hearing.