No. 44,657

Thomas E. Baier, *Appellant*, *v.* State of Kansas, *Appellee.*

(419 P. 2d 865)

Opinion filed November 5, 1966.

*Constance M. Achterberg*, of Salina, argued the cause, and was on the briefs for the appellant.

*Richard W. Wahl*, special county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This appeal arises from a denial by the district court of Lincoln county of a motion filed by the petitioner, Thomas E. Baier, pursuant to the provisions of K. S. A. 60-1507.

On February 5, 1964, a complaint was filed in Lincoln county court charging petitioner with forgery in the second degree (G. S. 1949, 21-608, now K. S. A. 21-608) and a warrant was issued for his arrest. Later on the same date Baier was apprehended in Rice county and returned to Lincoln county. The following day he ap-

peared without counsel before the county court, waived his preliminary hearing, and was bound over to district court for trial.

An information charging the petitioner under the aforesaid statute was filed in the district court on February 6. On February 17 petitioner appeared before the court where, even though he attempted to waive such appointment, counsel was appointed to represent him. Baier again appeared before the court on February 25 with his counsel and, after waiving formal arraignment, entered a plea of guilty to the charge contained in the information. He was sentenced by the court to confinement in the state penitentiary for a term of not less than one year nor more than ten years as provided in G. S. 1949, 21-631, now K. S. A. 21-631. Through his attorney Baier made oral application for parole, which was denied, and he was committed to the penitentiary.

On July 18, 1964, petitioner requested the appointment of counsel to prosecute an appeal to this court. His request was granted, the appeal was perfected, oral argument was had and the judgment of the lower court was affirmed (*State v. Baier*, 194 Kan. 517, 399 P. 2d 559.) The only point raised was the failure of the court to appoint counsel for the petitioner at his preliminary hearing.

On March 18, 1965, pursuant to K. S. A. 60-1507, the petitioner, *pro se*, filed his motion to vacate the judgment and sentence entered by the district court on February 25, 1964. On April 1, 1965, the district court, after examining the transcript and files of the case, found it was unnecessary to have the petitioner present for a hearing. The court further determined that the files and records showed conclusively that the petitioner was entitled to no relief, and summarily denied the motion. It is from this order that the petitioner, through his present court-appointed counsel, has appealed.

Before proceeding to the merits of the appeal we are first confronted by the state's contention that questions raised by the appeal are now moot because of a parole having been granted from the sentence under attack. The parties agree that Baier was confined under the sentence at the time he filed his notice of appeal. While his appeal was thus pending he was paroled to "detainers" on March 20, 1966, and served time in the federal penitentiary at Leavenworth until September 20, 1966. At the time his case was argued on September 26 Baier was being held by the sheriff of Leavenworth county on a warrant from the state of South Dakota.

Under these facts, therefore, we must determine whether or not

a petitioner in a 60-1507 proceeding, who is released on parole while his appeal from a denial of his motion is pending, remains in "custody" within the meaning of the statute. If so, the appeal must be considered on its merits; otherwise, the questions raised are moot. The precise question presented has not been before this court since the statute became effective.

The remedy provided extends to "a prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released. . . ." Rule No. 121 (194 Kan. xxvii), which was promulgated by this court as a means of effectuating proceedings under the statute, states in part as follows:

"(a) NATURE OF REMEDY. Section 60-1507 is intended to provide in a sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in district courts in whose jurisdiction the prisoner was confined. . . .

"(c) WHEN REMEDY MAY BE INVOKED. (1) The provisions of section 60-1507 may be invoked only by one in *custody* claiming the right to be released, . . ." (Emphasis added.)

The language of our statute follows closely that of the federal statute (28 U. S. C. § 2255). In construing the provisions of K. S. A. 60-1507, we have relied heavily on decisions of the federal courts relating to § 2255 and its application. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799.) The federal courts have emphasized that the remedy under § 2255 is commensurate with that provided under the federal habeas corpus statute (28 U. S. C. § 2241). (*Sanders v. United States,* 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068; *United States v. Hayman,* 342 U. S. 205, 96 L. Ed. 232, 72 S. Ct. 263; *Williams v. United States,* 323 F. 2d 672 [10th Cir., 1963].) It follows that if the restraint of the prisoner is sufficient to come within the ambit of the custody requirement of habeas corpus it satisfies the jurisdictional requirement of § 2255. (*United States v. Washington,* 341 F. 2d 277 [3d Cir., 1965], cert. den. 382 U. S. 850, 15 L. Ed. 2d 89, 86 S. Ct. 96, reh. den. 382 U. S. 933, 15 L. Ed. 2d 346, 86 S. Ct. 317.)

Whether or not a prisoner, who acquires the status of a parolee during the pendency of his appeal from a denial of his application for a writ of habeas corpus, is entitled to relief, has been the subject of conflicting decisions in the state courts. A collection of cases may be found in the annotation in 92 A. L. R. 2d 682. The question became settled in the federal courts with the decision in *Jones v.*

*Cunningham,* 371 U. S. 236, 9 L. Ed. 2d 285, 83 S. Ct. 373, 92 A. L. R. 2d 675. There, a state prisoner sentenced in Virginia filed a petition for a writ of habeas corpus in the United States District Court. During his appeal to the Circuit Court of Appeals from a dismissal of the petition, the prisoner was paroled by the Virginia Parole Board under an order which included conditions that were to be complied with by the parolee. On appeal to the Circuit Court of Appeals his petition was again dismissed; certiorari was granted, and the Supreme Court held that the prisoner, although on parole, was in "custody" within the meaning of § 2241 because the order imposed conditions which significantly confined the prisoner and restrained his freedom . In the course of its opinion the court stated:

". . . the custody and control of the Parole Board involve significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally. . . . It is not relevant that conditions and restrictions such as these may be desirable and important parts of the rehabilitative process; what matters is that they significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do. Such restraints are enough to invoke the help of the Great Writ. . . . While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute; . . ." (pp. 242, 243.)

Subsequent federal decisions have adhered to the holding of *Jones v. Cunningham,* supra, in habeas corpus proceedings (*Benson v. State of California,* 328 F. 2d 159 [9th Cir., 1964], cert. den. 380 U. S. 951, 13 L. Ed. 2d 970, 85 S. Ct. 1086; *United States v. Wilkins,* 312 F. 2d 559 [2d Cir., 1963], cert. den. 374 U. S. 849, 10 L. Ed. 2d 1069, 83 S. Ct. 1910; *United States v. Fay,* 313 F. 2d 620 [2d Cir., 1963]; *United States v. Commonwealth of Pennsylvania,* 244 F. Supp. 883 [1965];*United States v. New York State Division of Parole,* 238 F. Supp. 263 [1965]) and in proceedings instituted under § 2255 (*United States v. Washington,* supra).

In *United States v. Washington,* supra, the appellant, at the time of the filing of his motion in the district court, was at liberty on probation following conviction and suspension of execution of his sentence. The court stated:

". . . Such restraint was sufficient 'custody' to enable him to seek relief under § 2255. The remedy under that section is as broad as it is under habeas corpus. [Citing cases.] And if the restraint of a state court imposed probationary sentence satisfies the jurisdictional requirement for bringing habeas

corpus under 28 U. S. C. A. § 2241: Jones v. Cunningham, 371 U. S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963), it satisfies that requirement for filing a motion under § 2255. . . ." (p. 280.)

Although factually dissimilar from the case at bar, the rationale of the decision, in conjunction with the federal decisions relating to the habeas corpus statute, provides an authoritative basis for our conclusion on the point.

In this state a parole is "the release of a prisoner to the community by the parole board prior to the expiration of his term, *subject to conditions imposed by the board and to its supervision.*" (K. S. A. 62-2227, emphasis added.) If the conditions of the parole are violated by the parolee, he is brought before the board for a hearing, and in the event the violation is established, the board may revoke the parole. (K. S. A. 62-2250.) Although a parolee is not physically confined "behind bars," nevertheless he lacks the freedom of movement and activity enjoyed by the public generally. The right of the board to impose conditions and maintain supervision, all of which occur under the cloud of an unexpired sentence, places the parolee in the status of one whose freedom, in our opinion, is under significant restraint.

We therefore hold that a prisoner who institutes a 60-1507 proceeding, and is released on parole from the state penitentiary while his appeal from a denial of his motion by the district court is pending, remains in "custody" within the purview of the statute. His release on parole under such circumstances does not render moot the questions raised in his appeal.

Proceeding to the merits, we find that Baier has raised seven points. We shall consider them in the order and in the manner stated in his brief.

He first contends the information did not state a violation of the statute or degree of forgery with which he was charged because the allegations thereof were such as to constitute either a violation of K. S. A. 21-608 (forgery in the second degree) or of K. S. A. 21-616 (forgery in the third degree). In essence, he urges the information did not inform him of the degree of the charge so that it could be said he entered his plea of guilty with the understanding necessary to permit the entry of judgment on said plea. We find no merit in the contention. The information as drawn substantially follows the language of K. S. A. 21-608 and clearly satisfies the requirements of K. S. A. 62-1010 in that the offense must be stated with such a degree

of certainty that the court can pronounce sentence upon conviction. Other than his bald allegation petitioner has in no way shown that he was misled or did not understand the charge to which he pleaded guilty.

Petitioner next urges that "a person may not be apprehended unless a warrant has been issued for his arrest." Presumably, he is contending that he was subjected to an unlawful arrest. Although the record discloses a warrant was issued in Lincoln county prior to his arrest in Rice county later the same day, no facts appear that would even remotely substantiate the claim of the petitioner. The matter need not be explored further, however, inasmuch as the jurisdiction of the court to try a person accused of a crime, or accept his plea of guilty, is not divested by the fact his arrest was irregular or unlawful. (*Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *Hanes v. State,* 196 Kan. 404, 411 P. 2d 643.)

Baier next contends his arraignment did not follow his arrest "within the required period of time." He bases his argument entirely on the provisions of K. S. A. 62-1301, which apply to the time of trial after an information has been filed rather than to the time from arrest to arraignment. The record reveals he first appeared in the district court on February 17, 1964, which was the regular motion day of the November 1963 term. Thereafter, on February 25, the opening day of the February 1964 term, he was arraigned and pleaded guilty. The crux of his argument seems to be that since there was no continuance of his case for good cause from the November 1963 term to the February 1964 term, as provided by the statute, the court was without jurisdiction to accept his plea. Assuming there was in fact no order of continuance for good cause, it does not follow that the court thereby lost jurisdiction. Indeed, the statute provides for no such consequence in the event of its breach (*In re Garner,* 134 Kan. 410, 5 P. 2d 821), and we know of no authority requiring such a drastic result.

It seems difficult to imagine how the petitioner's case could have received more expeditious treatment. The time of his arrest on February 5 to the date of sentence on February 25 spanned a total of only twenty-one days. There was clearly no delay in bringing the petitioner before the magistrate, nor was there undue delay either in arraigning him in district court or in pronouncing sentence on his plea of guilty. What constitutes a speedy trial has been defined by the legislature in K. S. A. 62-1431 and 62-1432, and the time interval

in the instant case falls well within those limits. Furthermore, when an accused enters a plea of guilty to the charge against him he waives whatever right he possesses to a speedy trial. (*Witt v. State,* 197 Kan. 363, 416 P. 2d 717; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.) We, therefore, find petitioner's third point of error utterly devoid of merit.

Baier next contends his counsel advised him the penalty for the offense to which he pleaded guilty was from one to seven years, which is the penalty for forgery in the third degree. His motion lists no evidence that would corroborate such an allegation. Under such circumstances, his uncorroborated statement would be insufficient to sustain the burden of establishing the alleged ground for relief. (Rule No. 121 (*g*), 194 Kan. xxviii; *Cooper v. State,* supra.)

Petitioner next contends he was entitled to counsel at the time of his arrest. In his own words he says that he "Was denied counsel when requested same at Lyons, Kansas." Again, he presents nothing except his own assertion to establish his claim of error, nor is there anything in the record to indicate incriminating statements were in fact elicited from him at any time following his arrest. Assuming, *arguendo,* such statements were obtained, they were never offered or used against him. In fact, he chose to enter a plea of guilty instead of standing trial. Therefore, whether or not the statements would or would not have been admissible, had they been offered in evidence at a trial, is entirely irrelevant. (*Smith v. State,* supra; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

Turning to petitioner's last two points of error, we find he first contends "The information is fatally defective for failure to aver ownership of the complaint." The point is patently incomprehensible and requires no further attention. He next contends "The election of the defendant's court-appointed counsel to the office of county attorney during the preparation and argument of his appeal from the judgment of the sentence entered in the original case necessitated appointment of new counsel for the defendant." Apparently his contention stems from the fact that Mr. G. L. Rohrer, one of his court-appointed attorneys in the direct appeal, was elected to the office of county attorney during the pendency of the appeal. Petitioner's argument is without substance. He fails to show anything

other than fair and impartial representation by both of his appointed counsel in the original appeal.

Petitioner on this appeal has had the aid of competent counsel who has diligently presented the points raised. We have carefully examined the record and the briefs, including the *pro se* reply brief, and conclude the trial court's findings and conclusions are sustained by the record and warrant that court's action in denying the petitioner's motion to vacate the judgment and sentence.

The judgment is affirmed.