**James Bennett SPURLOCK, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–84–340.**

Court of Criminal Appeals of Oklahoma.

March 31, 1986.

Rehearing Denied June 25, 1986.

Mark Barrett, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, James Bennett Spurlock, was tried by jury in the District Court of Okmulgee County, Oklahoma, Case No. CRF–81–275, for Three Counts of the crime of Unlawful Delivery of Marijuana. The jury returned a verdict of guilty and set punishment at five (5) years imprisonment and a $1,000 fine on each count. The District Court, in imposing judgment and sentence, ordered that Count I be served consecutively with Counts II and III, and ruled that the latter two counts could be served concurrently with each other. We affirm the judgment of the District Court.

The facts in this case reveal that the appellant, on September 23, December 2, and December 31, 1981, delivered various quantities of marijuana to Okmulgee Police Officer Roy Fields, who was acting as an undercover narcotics officer. According to Fields, the first purchase involved a pound of marijuana, the second involved two pounds, and the third involved nearly fifty pounds.

### I.

Appellant raises two assignments of error challenging his conviction for Count I of the Information. However, in his brief-in-chief, the appellant concedes that he has been paroled from his conviction on that Count. *Brief of Appellant* at 5. We have previously held that when an appellant accepts parole pending determination of his appeal, he waives his right to have that appeal determined. *Rogers v. State*, 62 Okl.Cr. 349, 71 P.2d 635 (1937); *Ingram v. State*, 62 Okl.Cr. 344, 71 P.2d 646 (1937). These two assignments of error are therefore without merit.

## II.

■ In his third assignment of error, the appellant complains about "serious impropriety" in the prosecutor's closing arguments to the jury. He concedes that none of the arguments were met with a contemporaneous objection by defense counsel. Therefore, in the absence of fundamental error, we will consider only whether the alleged improprieties rendered the sentences excessive. *Glass v. State,* 701 P.2d 765 (Okl.Cr.1985). *See also Freeman v. State,* 681 P.2d 84 (Okl.Cr.1984). Although the prosecuting attorney did err in calling the appellant, a first offender, a "big-time marijuana dealer" and attempted to invoke societal alarm by his comments that the jury "do something effective" about marijuana offenses, we do not find, that these sentences are excessive, considering the large amounts of marijuana distributed, and the fact the jury assessed far less than the maximum fine or imprisonment.[1]

## III.

■ The appellant also argues the State failed to prove the essential elements of Count III. Appellant claims, "[t]he Count III delivery of marijuana charge was based on allegations that Mr. Spurlock led officer Fields to a rural location where the Appellant pointed to three black trash bags containing marijuana ... Neither Fields nor any other person testified that Mr. Spurlock did anything more than point to the bags and state that they contained marijuana. The bags were left on the railroad right of way and the evidence demonstrated that Mr. Spurlock had left, without receiving any money or anything of value, before Fields took actual custody of the bags." *Brief of Appellant,* 12. Appellant asserts this evidence was insufficient to support the conviction.

We have previously held that it is not necessary to prove that the defendant ever actually handled the marijuana in order for the conviction to be upheld for unlawful delivery of marijuana. In *Hindman v.*

*State,* 647 P.2d 456 (Okl.Cr.1982), we held that one may be convicted for delivery of a controlled dangerous substance if it is shown that the defendant participated in the sale. Furthermore, the delivery contemplated by 63 O.S. 1981, § 2–101(10) does not require an actual physical delivery of the drug to a potential user, but includes "that actual, constructive or attempted transfer from one person to another of a controlled dangerous substance, whether or not there is an agency relationship."

In this case, the State showed, in addition to the facts asserted by appellant, that appellant negotiated with Officer Fields the sale of fifty pounds of marijuana. Appellant agreed on the price for which the drugs would be sold, and the amount Fields was to receive for assisting in the delivery of the drugs. It was agreed that Field would obtain the marijuana from appellant, deliver it to an unknown buyer, collect $8,750 in payment, and deliver the money to appellant. On the date of the proposed sale, the appellant led Fields to the place where the trash bags were found, and pointed them out to him, saying, "There's the pot". This evidence was sufficient to support the jury's finding of guilt on Count III.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

## ORDER DENYING PETITION FOR REHEARING

■ On April 21, 1986, the appellant herein, James Bennett Spurlock, by and through counsel of record, filed a petition for rehearing, seeking reconsideration of our opinion, found at 720 P.2d 731, 57 O.B.J. 808, in which his conviction was affirmed. In particular, the appellant complaints regarding our holding that his first assignment of error had been rendered

---

**1.** Appellant was subject on conviction to a fine of up to $5,000 and imprisonment from two (2) to ten (10) years on each count. 63 O.S. 1981, § 2–401(B)(2).

moot inasmuch as it attacked one count of his three count conviction for which he had been paroled by the Governor. Appellant asserts that this holding was erroneous.

On this date, in *Plotner v. State,* F–84–722, —— P.2d —— (Okl.Cr.1986), we reconsidered this precise issue and determined that the "granting of parole by the Governor does not create a waiver of appeal pending before this Court." —— P.2d at ——. In *Plotner,* the Attorney General, based on our holding in the instant case, filed a motion seeking to have this Court dismiss Plotner's appeal from Count II of his conviction because he had been paroled from that count. After rejecting this claim, we overruled both the instant case, and those cases upon which we relied upon herein, as they pertained to this issue. *Id.*

It is clear that our opinion herein was based on a faulty premise. As we pointed out in *Plotner,* the rule regarding parole and waiver was first reached in *Odom v. State,* 8 Okl.Cr. 540, 129 P. 445 (1913). *Odom* noted that when an accused is not "actually or constructively in custody" an appeal may not be maintained. *Id.,* 8 Okl.Cr. at 542, 129 P. 445. The brief filed *amicus curiae* herein by the Oklahoma Criminal Defense Lawyers Association suggests that "[a]pparently a parole was a loss of custody when *Odom* was decided in 1913". *Brief of Amicus Curiae,* 5. Whether or not parole was treated in 1913 in the manner suggested by *amicus curiae,* it is apparent that under our current laws a parolee is in constructive custody. If paroled, an appellant is only physically released, unless he is paroled from one sentence to another sentence. An appellant admitted to parole is subject to conditions. 57 O.S.1981 §§ 332, 332.8. If an appellant fails to satisfy the conditions of his parole, he is subject to arrest and revocation of parole. 57 O.S.1981, §§ 332.9, 332.12. An appellant may be pardoned only "[u]pon completion of the terms and conditions of a parole, which shall be the maximum expiration date of the prison sentence being served ..." 57 O.S.1981, § 332.10. Moreover, a parolee is under the active supervision of a parole officer for a period not to exceed three (3) years. 57 O.S.1981, § 512(1). However, he can be actively supervised up to the maximum term for which he was sentenced, if the Department of Corrections decides it is in the best interest of the public and the parolee. 57 O.S.1981, § 512(2). A parole in Oklahoma is conditional; therefore, an appellant remains in the constructive custody of the State, within the meaning of *Odom v. State, supra.* Because he has not fully discharged his sentence, his rights on appeal still obtain.

We accordingly hold that it was improper to reject appellant's first assignment of error merely because he had been paroled from that count of the conviction. However, we have reviewed the first assignment of error on the merits and find no error requiring reversal or modification. Likewise, we have considered the other allegations contained in the petition for rehearing and find they should be denied.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for rehearing in the above-styled and numbered case should be, and the same hereby is, DENIED.

IT IS SO ORDERED.