**Ralph Edward PLOTNER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–772.**

Court of Criminal Appeals of Oklahoma.

June 24, 1986.

Mac R. Oyler, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Oklahoma City, for appellee.

## ORDER DENYING MOTION TO DISMISS APPEAL

On May 30, 1986, the State of Oklahoma acting through the Attorney General filed a motion in this Court seeking to have the above appeal dismissed for the reason appellant has been granted a Parole from Count II of his conviction in Oklahoma County Case No. CRF-83-6297. The State cites as authority *Spurlock v. State*, 720 P.2d 731 (Okl.Cr.1986). However, *Spurlock* is presently being reconsidered on Petition for Rehearing. The statement in *Spurlock* concerning dismissal of appeal because of the granting of a Governor's Parole is premised upon *Rogers v. State*, 62 Okl.Cr. 349, 71 P.2d 635 (1937) and *Ingram v. State*, 62 Okl.Cr. 344, 71 P.2d 646 (1937). The only authority cited in either case is cited in *Ingram* which cites *Odom v. State*, 8 Okl.Cr. 540, 129 P. 445 (1913). *Odom* was considered on Rehearing and merely states that, "It is our opinion that the right of appeal does not exist when the defendant is not actually or *constructively* in custody, so that the judgment and sentence

of the trial court can be enforced if affirmed by the appellate court." (Emphasis added). No authority whatsoever is provided to support the statement. Premised upon that line of cases, the State asked that this appeal be dismissed because appellant was granted a Governor's Parole on Count II. We decline to accede to the State's request.

In the first instance, appellant is in constructive custody under the conditions of parole. Secondly, in the event appellant's appeal contains merit he will be subject to future disadvantages if his appeal is not properly treated.

In *Baier v. State*, 197 Kan. 602, 419 P.2d 865, 868 (1966), the Kansas Supreme Court recited the following concerning a similar situation of parole:

In this state a parole is 'the release of a prisoner to the community by the parole board prior to the expiration of his term, *subject to conditions imposed by the board and to its supervision.*' (K.S.A. 62-2227, emphasis added.) If the conditions of the parole are violated by the parolee, he is brought before the board for a hearing, and in the event the violation is established, the board may revoke the parole. (K.S.A. 62-2250.) Although a parolee is not physically confined "behind bars," nevertheless he lacks the freedom of movement and activity enjoyed by the public generally. The right of the board to impose conditions and maintain supervision, all of which occur under the cloud of an unexpired sentence, places the parolee in the status of one whose freedom, in our opinion, is under significant restraint. (Emphasis in original).

In *Baier*, the appellant had been granted a parole from his conviction and the State argued that the parole caused the question of the merits of his case to be moot. Section 60-1507, of the Kansas Statutes appears to be in the nature of habeas corpus relief. Notwithstanding, the Kansas Supreme Court held that the granting of parole from his conviction did not make his contentions moot and therefore, his appeal was considered on its merits.

In *Latzer v. Abrams*, 615 F.Supp. 1226, 1229 (S.D.N.Y.1985) discussing the limits of the writ of habeas corpus under the provisions of 28 U.S.C. §§ 2241–2254, the Court cited *Carafas v. LaVallee*, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968), as holding that a court may, for example, grant relief to a petitioner who has been released from custody after fully serving a sentence on an illegal conviction.

The main distinction between parole and probation lies in the source of the grant. Probation is found in the authority of the trial court, whereas parole is the power of grace provided the Governor. Admittedly, in the event the appeal is affirmed, when one is on parole, the court is without authority to order the parolee back into confinement. Nonetheless when an affirmance results, the parolee remains under constructive control of the Department of Corrections resulting from a judicial order. In the event the parole conditions are violated, the parolee is subject to return to confinement. By the same token, it appears to be fundamentally unfair to require one to continue under the blanket of a felony conviction if that conviction exists under a voidable, or void, conviction. That condition of the judgment can only be determined by the consideration of the conviction on the merits of the case. As the Kansas Supreme Court stated in *Baier*, "Although a parolee is not physically confined 'behind bars', nevertheless he lacks the freedom of movement and activity enjoyed by the public generally."

NOW THEREFORE, after considering the Motion to Dismiss and the response filed herein, and being fully advised in the premises, this Court finds that the motion should not be granted. We further hold, that the granting of parole by the Governor does not create a waiver of appeal pending before this Court. The cases in conflict herewith are overruled.

IT IS SO ORDERED.

PARKS, P.J., and BRETT, J., concur.