No. 96,563

STATE OF KANSAS, *Appellee*, v. SCOTT A. DUKES, *Appellant*.

(231 P.3d 558)

Opinion filed May 6, 2010.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*David Lowden*, chief attorney, appellate division, argued the cause, and *Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Scott Dukes appeals the Court of Appeals' affirmation of his convictions of driving while under the influence of alcohol and driving with a suspended license. Dukes argues that the district court violated his Sixth Amendment Confrontation Clause rights when it admitted into evidence breathalyzer certification documents and a certified driving record without requiring the preparers of the evidence to testify.

In *State v. Dukes*, 38 Kan. App. 2d 958, 961-62, 174 P.3d 914 (2008), the Court of Appeals held that Dukes' confrontation rights

were not violated because it determined that the documents were not testimonial and therefore not subject to the requirements provided in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

The issue on appeal and our accompanying holding are as follows:

Were Dukes' Sixth Amendment Confrontation Clause rights violated when the district court admitted into evidence the breathalyzer certification and the certified driving record through witnesses who did not prepare those documents? The issue was not preserved for appeal.

Accordingly, we affirm.

## FACTS

In the early morning hours of September 26, 2005, Dukes drove his minivan into a ditch in Sedgwick County. He abandoned the vehicle and walked approximately 2.5 miles home. Deputy Lanon Thompson arrived and observed that the driver's airbag had deployed and that blood was on the airbag and the driver-side doorframe. He ascertained that Dukes was the registered owner of the vehicle and dispatched Deputy Maurico Ardanche to Dukes' registered address.

While speaking with Dukes at his residence, Deputy Ardanche noticed that his eyes were swollen shut, blood was on his face, the bridge of his nose was lacerated, his speech was unclear, and there was a strong smell of alcohol coming from him. After receiving and waiving *Miranda* warnings, Dukes admitted that he was driving the vehicle and that he had consumed alcohol prior to driving. Deputy Ardanche administered a preliminary breath test that revealed a .11 blood alcohol content (BAC). He placed Dukes under arrest for suspicion of driving under the influence (DUI). While at the police station, Dukes consented to a breath test on an Intoxilyzer 5000 breath-testing machine, which revealed a .092 BAC.

At the jury trial, Deputy Jeff Bartkoski, the departmental records custodian, testified concerning the Intoxilyzer records and certification. He identified State's Exhibit 4, the "Intoxilyzer packet," which included his affidavit indicating the records were true and

accurate copies, a certification for the Intoxilzyer machine, a solution certification, and other documents. The technician who actually signed the certification documents and performed the testing and calibration of the Intoxilyzer machine did not testify. State's Exhibit 4 was admitted into evidence without objection.

Deputy Thompson then testified and identified State's Exhibit 5, which contained Dukes' truncated certified driving record. The State moved to admit Exhibit 5, but Dukes' counsel first asked to voir dire the deputy. During voir dire, Thompson admitted that he did not have personal knowledge of the documents, that he first reviewed them the day before trial, and that he never had control of the documents. Dukes' counsel concluded the examination by stating, "Objection to the admission, Your Honor." The court overruled the objection and admitted State's Exhibit 5 into evidence. Ultimately, the jury convicted Dukes of operating a vehicle with a blood alcohol content above the legal limit and driving with a suspended license.

Additional facts will be added to the analysis as necessary.

## ANALYSIS

Issue: *Dukes did not preserve his claims for appeal.*

### *Standard of Review*

Dukes argues that the district court admitted State's Exhibits 4 and 5 into evidence in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. Accordingly, his arguments are subject to a de novo standard of review because he is challenging the trial court's legal basis for the documents' admission. See *State v. Richmond,* 289 Kan. 419, 426, 212 P.3d 165 (2009) (" 'When the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence is questioned, an appellate court reviews the decision de novo.' ").

### *Contemporaneous Objection Rule In General*

Generally, a party may not present an issue on appeal "where no contemporaneous objection was made and where the trial court did not have an opportunity to rule." *State v. Kirtdoll,* 281 Kan. 1138, 1148, 136 P.3d 417 (2006). We have recently accentuated

the procedural bar established by K.S.A. 60-404, which prevents appellate review of evidentiary issues unless there was a timely and specific objection at trial. See *State v. Raschke*, 289 Kan. 911, 913, 219 P.3d 481 (2009); *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009); *State v. King*, 288 Kan. 333, 341-42, 204 P.3d 585 (2009) (describing the contemporaneous objection rule).

The contemporaneous objection rule requires each party to make a specific and timely objection at trial in order to preserve evidentiary issues for appeal. K.S.A. 60-404. The purpose of the rule is to avoid the use of tainted evidence and thereby avoid possible reversal and a new trial. *King*, 288 Kan. at 342. Recently, we stated that "the trial court must be provided the specific objection so it may consider as fully as possible whether the evidence should be admitted and therefore reduce the chances of reversible error." *Richmond*, 289 Kan. at 429. Specifically, in *Richmond* we refused to allow the defendant to object on one ground at trial and then argue another on appeal. 289 Kan. at 429-30; see *State v. Engelhardt*, 280 Kan. 113, 127, 119 P.3d 148 (2005).

Despite the general rule, appellate courts may consider constitutional issues raised for the first time on appeal if the issue falls within one of three recognized exceptions: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. *State v. Spotts*, 288 Kan. 650, 652, 206 P.3d 510 (2009). In recent years, however, we have consistently been refusing to review an evidentiary issue without a timely and specific objection even if the issue involves a fundamental right. See *Richmond*, 289 Kan. at 429-30 (expressing concern that the contemporaneous objection rule "case-law exceptions would soon swallow the general statutory rule"); *State v. Hollingsworth*, 289 Kan. 1250, 1256-57, 221 P.3d 1122 (2009); *King*, 288 Kan. at 349; see *State v. Mays*, 277 Kan. 359, 384-85, 85 P.3d 1208 (2004). Additionally, the United States Supreme Court recently declared that the "[t]he defendant *always* has the burden of raising his Confrontation Clause objection" and noted that "[s]tates are free to adopt procedural rules governing

objections." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 327, 174 L. Ed. 2d 314, 129 S. Ct. 2527, (2009). We have acknowledged that this declaration in *Melendez-Diaz* was consistent with the general rule established by K.S.A. 60-404. *State v. Laturner*, 289 Kan. 727, 752, 218 P.3d 23 (2009).

*Admission of the Breathalyzer Certification*

Dukes argues that the admission of State's Exhibit 4, the breathalyzer packet, violated his constitutional rights under the Confrontation Clause. However, at no time did Dukes object to its introduction. Consequently, Dukes failed to preserve this issue for appeal by not raising a specific and timely objection. See K.S.A. 60-404; *King*, 288 Kan. at 349.

*Admission of the Certified Driving Record*

As for Dukes' argument that the admission of State's Exhibit 5, the certified driving record, also violated his confrontation rights, we note that he timely objected but failed to provide the specific grounds as required by K.S.A. 60-404. After completing voir dire of Deputy Thompson, Dukes' counsel simply stated, "Objection to the admission, Your Honor." As previously mentioned, it is the defendant's responsibility to "rais[e] his Confrontation Clause objection." *Melendez-Diaz*, 557 U.S. 327. Additionally, in *Richmond* we rejected a related argument: that a defendant may object to the introduction of evidence on one ground at trial and then assert another ground on appeal. 289 Kan. at 429-30. Similarly, we reject the premise that a defendant may merely assert a general objection at trial and then specify a ground on appeal. We also reject the premise that this court should review, as here, counsel's questions during witness voir dire and then supply defendant the specific— yet unspoken—grounds for the trial objection on appeal.

These practices would undermine the language and the purpose of the contemporaneous objection rule. See K.S.A. 60-404; *Richmond*, 289 Kan. at 429 (the trial court must be provided the specific objection so it may consider as fully as possible whether the evidence should be admitted and thereby reduce the chances of re-

versible error). As a result, Dukes failed to preserve this issue for appeal.

Judgment of the Court of Appeals is affirmed. Judgment of the district court is affirmed.

DAVIS, C.J., not participating.

PHILLIP C. VIEUX, District Judge, assigned.