NOT DESIGNATED FOR PUBLICATION

Nos. 117,843
117,844
117,845
117,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAMMY ANNETTE RANDOLPH,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed April 27, 2018. Affirmed.

*Mary A. McDonald*, of McDonald Law LLC, of Newton, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Tammy Annette Randolph appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentences in four separate cases. For the first time on appeal, Randolph argues that K.S.A. 2017 Supp. 22-3716(c)(8) and (c)(9) are unconstitutionally vague. Because Randolph did not raise this issue in district court and because she cites no applicable exception for this court to

1

address the issue for the first time on appeal, we find that Randolph has failed to preserve her constitutional claim for appeal.

Randolph's brief includes nearly 30 pages of facts underlying her convictions and various probation violations. We do not need to recite the factual background in any significant detail to address the single issue Randolph raises on appeal. Suffice it to say that on February 26, 2015, Randolph pled no contest in four separate cases filed in McPherson County, as follows: (1) in 13CR115 to possession of methamphetamine; (2) in 13CR220 to one count of trafficking contraband in a correctional facility; (3) in 14CR94 to possession of methamphetamine; and (4) in 14CR204 to possession of methamphetamine and misdemeanor theft. On August 4, 2015, the district court imposed a controlling sentence in all four cases of 147 months' imprisonment but granted a dispositional departure to probation to be supervised by community corrections. The district court ordered Randolph to serve 60 days in jail as a condition of her probation.

During a portion of her probation, Randolph moved to Illinois and transferred her supervision to an Illinois probation officer through an interstate compact. While under Illinois supervision, Randolph left Illinois and returned to Kansas without a travel permit, in violation of the interstate compact.

At a hearing on February 15, 2017, the district court found by a preponderance of evidence that Randolph had violated the conditions of her probation on numerous grounds, including: (1) she failed to report to her Illinois supervising officer as directed; (2) she left Illinois without permission; (3) she failed to report to her supervising officer in Kansas as directed; (4) she failed to report for random drug testing on two occasions; and (5) she failed to begin drug treatment as directed. Randolph requested the district court to impose either a 120-day or 180-day sanction for her violations. However, the district court revoked Randolph's probation and imposed the underlying 147-month prison sentence, stating that it was concerned about the public safety due to her

continuous drug violations, drug trafficking in the correctional facilities, and possession of drugs with intent to distribute. The district court believed that another sanction would not make a difference and noted that the court originally had ordered Randolph to serve 60 days in jail in order to impress upon her the importance of complying with the conditions of her probation. The court also noted that Randolph had a prior probation violation. Randolph timely appealed and the cases have been consolidated on appeal.

*Overview of probation violations in Kansas*

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, our Legislature limited a district court's discretion to order that a probation violator serve his or her underlying sentence by amending K.S.A. 22-3716. The statute as amended provides that after finding that the conditions of probation have been violated, the court is to apply graduated intermediate sanctions ranging from modification of the defendant's release conditions to brief periods of confinement in jail that increase in length depending on the number of lesser sanctions already imposed by the court. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). After the imposition of the appropriate intermediate sanctions, the district court is authorized to revoke an offender's probation based on a violation of the conditions and require the defendant to serve the sentence imposed or any lesser sentence. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

However, pursuant to K.S.A. 2017 Supp. 22-3716(c)(8)(A), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Likewise, pursuant to K.S.A. 2017 Supp. 22-3716(c)(9)(A), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction.

*Randolph's constitutional claim*

On appeal, Randolph claims that K.S.A. 2017 Supp. 22-3716(c)(8) and (c)(9) are unconstitutionally vague, as they do not define with particularity the type of conduct that would allow the district court to disregard the statutory mandate for imposing graduated sanctions. Significantly, Randolph does not argue on appeal that the district court erred in revoking her probation or that the district court failed to make a public safety finding in her case with sufficient particularity.

The State contends that Randolph did not properly preserve the sole issue of whether the statute is unconstitutionally vague. The State argues that Randolph did not raise this issue in the district court and then she failed to cite an applicable exception to be able to raise this issue for the first time on appeal. The State also argues that Randolph did not comply with Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) because she does not provide a pinpoint reference as to where the district court ruled on the issue and does not provide an explanation as to why the issue is now properly before this court.

Whether a statute is constitutional is a question of law subject to unlimited review. *State v. Bollinger*, 302 Kan. 309, 318, 352 P.3d 1003 (2015). Appellate courts presume that statutes are constitutional and must resolve all doubts in favor of upholding the constitutionality of a statute. 302 Kan. at 318.

4

We begin by noting, as the State points out in its brief, that the district court did not revoke Randolph's probation by finding that she committed a new felony or misdemeanor while on probation, pursuant to K.S.A. 2017 Supp. 22-3716(c)(8). Randolph provides no explanation as to why she is challenging the constitutionality of this statutory subsection, as it has no application to her case.

The district court did revoke Randolph's probation by making a public safety finding pursuant to K.S.A. 2017 Supp. 22-3716(c)(9). Randolph did not challenge the constitutionality of this provision in district court. Generally, appellate courts do not consider constitutional issues raised for the first time on appeal unless:

> "'(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. [Citation omitted.]'" *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (quoting *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 [2010]).

Moreover, Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 35) states:

> "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."

The Kansas Supreme Court has stated that in order to comply with Rule 6.02(a)(5), a party must *explain why* an issue is being raised for the first time on appeal. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court has warned that future litigants need to comply with Rule 6.02(a)(5) "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." 298 Kan. at 1085.

Here, Randolph did not raise her constitutional claim in district court and she cites no applicable exception for this court to consider the issue for the first time on appeal. Additionally, Randolph makes no reference in her brief to preservation of the issue and she does not provide any explanation as to why this issue is now properly before this court. Because Randolph totally has failed to comply with Supreme Court Rule 6.02(a)(5), we conclude that she has failed to properly preserve her constitutional claim for appeal. See *Williams*, 298 Kan. at 1085 (an issue improperly briefed will be deemed waived or abandoned).

Finally, although Randolph has failed to properly preserve her issue for appeal, we close by noting that this court previously has held in several recent decisions that K.S.A. 2017 Supp. 22-3716(c)(9) is not unconstitutionally vague. See *State v. Wesley*, No. 114,884, 2017 WL 462401, at *4-7 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (February 27, 2018); *State v. Booth*, No. 116,824, 2017 WL 4105622, at *1-4 (Kan. App. 2017) (unpublished opinion); *State v. Rogers*, No. 114,590, 2016 WL 7032242, at *4-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1329 (2017). Even if Randolph's issue was properly preserved, we adopt the reasoning set forth in those prior decisions and would reject Randolph's constitutional claim on its merits.

Affirmed.