NOT DESIGNATED FOR PUBLICATION

No. 119,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID TAYLOR WEBSTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed September 27, 2019. Affirmed.

*Aaron J. Steventon*, of Andreas Law Office, of Winfield, for appellant.

*Natalie Chalmers*, assistant solicitor general, *Derek Schmidt*, attorney general, and *Stephanie B. Poyer*, of Butler and Associates, *P.A.*, of Topeka, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM:  An appellant is required to explain why an issue not raised below should be considered for the first time on appeal. Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34). The Kansas Supreme Court strictly enforces this rule. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015). Here David Taylor Webster argues that the statute under which the State garnished his prison inmate account was unconstitutional. But Webster failed to raise this claim before the district court and fails to explain why we should consider it for the first time on appeal. Accordingly, he has

1

failed to preserve this issue for appellate review and the district court decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Webster was convicted of driving under the influence, disorderly conduct, and having an expired tag. He was sentenced in October 2008. As part of his sentence, the district court ordered Webster to pay court costs, fees, and fines that totaled $977.

In 2018, Webster was in prison on unrelated charges. The district court granted the collection firm Butler & Associates' request for a garnishment of nonwages to collect the fines and fees owing, now $1,239.18, from Webster's inmate account. Webster requested a hearing on the garnishment order, arguing that the judgment was void because the statute of limitations had run as set out in K.S.A. 2018 Supp. 60-2403.

The district court denied Webster's request, holding the judgment was not dormant or extinguished under K.S.A. 2018 Supp. 60-2403(b). Webster timely appeals.

ANALYSIS

Under K.S.A. 2018 Supp. 60-2403(a)(1), if a judgment is ordered against a party and

"a renewal affidavit is not filed or if execution, including any garnishment proceeding . . . is not issued, within five years from the date of the entry of any judgment in any court of record in this state, including judgments in favor of the state . . . or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution

proceedings on it, the judgment, including court costs and fees therein shall become dormant."

When a judgment "becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so." K.S.A. 2018 Supp. 60-2403(a)(1). However, there is an exception to the two-year limitations period. "Except for those judgments which have become void as of July 1, 2015, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection." K.S.A. 2018 Supp. 60-2403(b). Accordingly, the district court found that Webster's judgment was not void on July 1, 2015. Webster does not challenge this finding by the district court.

Instead, Webster raises a new claim—that K.S.A. 2018 Supp. 60-2403(b) violates the Equal Protection Clause of the United States Constitution because (1) it differentiates between individuals who owe a debt to the court and those who do not and (2) it places debts not void as of July 1, 2015, in a different position than debts void by that date. But he did not raise his constitutional claims before the district court.

Generally, an issue not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Nor can constitutional grounds for reversal be asserted for the first time on appeal. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). But there are several exceptions to the general rule.

> "'(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. [Citation omitted.]'" *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (quoting *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 [2010]).

Moreover, Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 35) states:

> "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."

The Kansas Supreme Court has stated that in order to comply with Rule 6.02(a)(5), a party must *explain why* an issue is being raised for the first time on appeal. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court has warned that future litigants need to comply with Rule 6.02(a)(5) "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." 298 Kan. at 1085.

Webster did not raise a constitutional argument in the district court. Instead, he argued only that the judgment against him was dormant and must be released because of K.S.A. 2018 Supp. 60-2403. He makes no reference in his brief to preservation of the issue and he does not provide any explanation as to why this issue is now properly before this court. Because Webster totally fails to comply with Rule 6.02(a)(5), we are required to follow our Supreme Court's clear direction in *Godfrey*, 301 Kan. at 1044. Accordingly, we conclude that *Webster* has not preserved his constitutional claims for appellate review.

Affirmed.