NOT DESIGNATED FOR PUBLICATION

No. 124,492

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL A. BANKES,
*Appellant*,

v.

KANSAS SECRETARY OF CORRECTIONS and
KANSAS DEPARTMENT OF CORRECTIONS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 29, 2022.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Libby K. Snider*, Kansas Department of Corrections, of Topeka, for appellees.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: The Wyandotte County District Court summarily dismissed
Michael Bankes' K.S.A. 60-1501 petition based on improper venue. On appeal, Bankes
and the Kansas Department of Corrections (KDOC) argue the district court should have
transferred the petition to the proper venue. Finding Bankes did not timely file the
petition, the district court was correct to dismiss the petition albeit for the wrong reason,
and we affirm the dismissal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 1989, a jury convicted Bankes of indecent liberties with a child. The Wyandotte County District Court sentenced him to a prison term of 4 to 15 years. In 1992, Bankes pleaded guilty to possession of marijuana with intent to sell and attempted possession of cocaine. The Johnson County District Court sentenced him to a term of 4 to 15 years' imprisonment for the marijuana conviction and, after modification, 1 to 5 years' imprisonment for the cocaine conviction. The court ordered the charges run consecutive to each other and to the Wyandotte County conviction. In 1994, the KDOC calculated potential release dates by combining the sentences to reflect an aggregate sentence of 9 to 35 years' imprisonment. Bankes has since been released on parole and lives in Sedgwick County. See *Bankes v. Kansas Prisoner Review Board*, No. 123,424, 2021 WL 2387890, at \*1-2 (Kan. App. 2021) (unpublished opinion).

In August 2021, Bankes filed a pro se habeas petition in Wyandotte County. He argued the KDOC impermissibly aggregated his sentences, which destroyed the individual aspects of each term and resulted in a term that no court had imposed. He asserted this prejudiced him because once he reached his conditional release date for his third conviction, he had already satisfied the full terms in his two prior convictions and should only be required to serve the remainder of the third conviction. According to Bankes, if his conditional release date began after serving half of each sentence—17 1/2 years—and because his sentences must be served consecutively, once he is placed on conditional release, his release term should only encompass the remainder of his third sentence—2 1/2 years—and not the remainder of all three sentences—an additional 17 1/2 years. By aggregating the sentences, the KDOC could potentially impose a term that also included the served portions of his first and second convictions.

The district court summarily dismissed the petition based on improper venue. Construing the filing as a K.S.A. 60-1501 petition, the court noted that petitions must be

filed in the county of confinement. Because Bankes was not confined in Wyandotte County, the court found Bankes filed his petition with the incorrect court.

ANALYSIS

On appeal, Bankes argues the district court erred by dismissing the petition instead of transferring it to the proper venue. The State agrees but asserts for the first time on appeal that Bankes failed to timely file his petition after exhausting his administrative remedies. Though district courts should generally transfer the petition, any error in the failure to transfer the case to the proper venue is harmless in that the record conclusively shows Bankes did not timely file his petition. The court was right for the wrong reason.

1. *District courts should generally transfer a K.S.A. 60-1501 petition to the correct venue.*

Bankes argues the district court erred by dismissing his K.S.A. 60-1501 petition rather than transferring it to the proper venue. He is generally correct. A district court should transfer a petition rather than dismiss it.

K.S.A. 60-1501 and K.S.A. 60-1507 provides prisoners different avenues to challenge their confinement and convictions. K.S.A. 60-1507 allows prisoners to collaterally attack a conviction or sentence; these motions must be brought in the court that imposed the sentence. K.S.A. 2020 Supp. 60-1507(a); *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013). Petitions brought under K.S.A. 60-1501 challenge the conditions of confinement; these must be filed in the county where the petitioner is restrained. K.S.A. 2020 Supp. 60-1501(a); *White v. Shipman*, 54 Kan. App. 2d 84, 91, 396 P.3d 1250 (2017); see also *Baier v. State*, 197 Kan. 602, 606, 419 P.2d 865 (1966) (prisoner released on parole remains "in custody" for purposes of K.S.A. 60-1507 motion).

3

The calculation of release dates, including the aggregation of sentences to make that determination, is the duty of the KDOC. See *Woodberry v. State*, 33 Kan. App. 2d 171, 173-74, 101 P.3d 727 (2004); *McKinney v. State*, 27 Kan. App. 2d 803, 803, 9 P.3d 600 (2000). As release dates implicate conditions of confinement, a petitioner may challenge that calculation by filing a K.S.A. 60-1501 petition in the county of restraint. *Woodberry*, 33 Kan. App. 2d at 173-74.

A district court may summarily dismiss a K.S.A. 60-1501 petition if the petitioner is not entitled to relief or, based on the undisputed facts, relief cannot be granted as a matter of law. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). Appellate courts review the summary denial of a petition de novo. 289 Kan. at 649.

Bankes concedes that he filed his petition in the incorrect county. He further asserts that under *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 481 P.3d 180 (2021), the district court should have transferred his petition to the appropriate venue of Sedgwick County rather than dismiss it. The KDOC agrees.

In *Johnson*, this court explained that K.S.A. 60-1501 petitions filed in the incorrect venue should be transferred rather than dismissed. 59 Kan. App. 2d at 366. Though recognizing other panels had reached the opposite conclusion, the *Johnson* panel noted transfer was within a district court's power, was consistent with the remedy contemplated by K.S.A. 60-611 of the Kansas Rules of Civil Procedure, and would expedite proceedings. 59 Kan. App. 2d at 364-66.

Under *Johnson*, a district court should generally transfer a petition rather than dismiss it. However, transfer is not necessary when the petitioner is not entitled to relief.

4

2. *Because Bankes' petition is untimely, the district court's dismissal was right for the wrong reason.*

Despite its concession, the KDOC argues this court should affirm the dismissal because Bankes' petition is untimely. The filing dates of the documents are undisputed, so the timeliness of Bankes' petition presents a legal question. As those documents conclusively show Bankes' petition is untimely, the dismissal of the petition was appropriate.

Generally, a party cannot raise an argument for the first time on appeal. *State v. Dunn*, 304 Kan. 773, 817, 375 P.3d 332 (2016). Because preservation is a prudential consideration, appellate courts have recognized exceptions. 304 Kan. at 817. Under these exceptions, an appellate court may affirm a district court's decision if it is right for the wrong reasons. See *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010) (listing exceptions); see also Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) (requiring appellant to explain why new issue is properly before court).

An inmate must exhaust administrative remedies before filing a petition. Proof of exhaustion must accompany the filing. K.S.A. 2020 Supp. 60-1501(b); K.S.A. 75-52,138. Once these remedies are exhausted, an inmate in the custody of the Secretary of Corrections must file a K.S.A. 60-1501 petition within 30 days after an action becomes final. K.S.A. 2020 Supp. 60-1501(b); K.S.A. 2020 Supp. 22-3717(i), (j)(1) (inmates released on postrelease supervision or parole remain in custody of Secretary of Corrections); see also *Baier*, 197 Kan. at 606 (for K.S.A. 60-1507 motions, parolee is still "in custody"). Failure to comply with this 30-day statute of limitations bars the petition. *Peterson v. Schnurr*, 57 Kan. App. 2d 56, 58, 447 P.3d 380 (2019); *Taylor v. McKune*, 25 Kan. App. 2d 283, 286, 962 P.2d 566 (1998); see also *State v. Trotter*, 296 Kan. 898, 904-05, 295 P.3d 1039 (2013) (K.S.A. 60-1507 motion raised outside one-year time limitation and not otherwise excused is barred).

5

According to documents attached to Bankes' petition, the KDOC prepared a worksheet in 1994 calculating potential release dates by aggregating his sentences. On January 18, 2020, while imprisoned, Bankes filed a grievance challenging this aggregation. He timely appealed to the warden, who denied the grievance as having been previously addressed. The Secretary of Corrections denied the grievance on February 7, explaining it had been addressed previously and was repetitive. On March 30, Bankes filed an original action in the Kansas Supreme Court. By order, the court dismissed the petition in September 2020, explaining Bankes could secure adequate relief before a district court.

At some point, Bankes filed a K.S.A. 60-1501 petition in Sedgwick County. In February 2021, the district court construed the petition as a K.S.A. 60-1507 motion and summarily dismissed the petition, explaining it had not imposed Bankes' sentences. Bankes voluntarily dismissed his appeal and, in August 2021, filed his current petition in Wyandotte County.

The KDOC argues the district court was right for the wrong reasons. It notes Bankes did not attach the previous grievance that addressed the merits of his argument, and he failed to file his petition within 30 days after the Secretary's decision. Bankes maintains the KDOC's argument would require this court to make factual findings without the benefit of the district court.

Generally, appellate courts do not make factual findings. *State v. Yazell*, 311 Kan. 625, 627, 465 P.3d 1147 (2020). However, when the facts are uncontested, the application of legal standards to those facts presents a legal question reviewed de novo. *In re Estate of Clare*, 305 Kan. 967, 969, 389 P.3d 1274 (2017) (regarding whether claim was filed before statutory time limit); see also *Dukes*, 290 Kan. at 488 (court may consider issue first raised on appeal if it presents a pure legal question based on proved or

admitted facts and is finally determinative). Courts may take judicial notice of their own records. *State v. Lowe*, 238 Kan. 755, Syl. ¶ 4, 715 P.2d 404 (1986), *overruled on other grounds by Lowe v. State*, 242 Kan. 64, 744 P.2d 856 (1987).

Bankes does not dispute that he filed his petition outside the 30-day window. His petition states he exhausted his administrative remedies on February 7, 2020, and filed his petition in the Kansas Supreme Court on March 30. This court's records of his original action, combined with the records attached to the petition, confirm Bankes' petition was untimely as originally filed. His current petition, filed in August 2021, is certainly untimely.

The undisputed evidence shows Bankes did not timely file his K.S.A. 60-1501 petition. Bankes makes no effort or even attempt to provide any reason that could possibly justify his late filing. The requirement of filing within the 30-day time limit is a threshold issue that Bankes cannot remedy. Dismissal of the petition was appropriate.

Affirmed.