NOT DESIGNATED FOR PUBLICATION

No. 127,234

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENNA D. HOWARD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Submitted without oral argument. Opinion filed February 28, 2025. Affirmed.

*Jessica R. Kunen*, of Lawrence, for appellant.

*Jon Simpson*, senior assistant district attorney, *Suzanne Valdez*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and CLINE, JJ.

PER CURIAM: Brenna D. Howard appeals her convictions of two counts of battery following a bench trial. Howard claims her convictions were based on inadmissible hearsay statements of the victims who did not testify at trial and, without the statements, the evidence was insufficient to support her convictions. As we will explain below, Howard's hearsay claim is not properly preserved for appellate review. As a result, we find no reversible error and affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2022, Corporal Shawn Daubert with the Lawrence Police Department responded to a reported battery at Jefferson's, a restaurant in downtown Lawrence. After an investigation that included interviewing witnesses and reviewing a surveillance camera video, Daubert determined that Howard had entered the restaurant where her ex-boyfriend, Quinton Allen-Fielder, was dining and threw a drink on him. She then left the restaurant but returned a few minutes later to throw a drink at Trisha L. Watkins, who was dining with Allen-Fielder. Watkins responded by throwing a drink back at Howard, and the two women exchanged punches before the fight was broken up by a Jefferson's employee. Howard left the scene before Daubert's arrival.

The State initially charged Howard with one count of domestic battery committed against Allen-Fielder, with whom she had been involved in a dating relationship, and two counts of battery committed against Watkins. The battery charges alleged that Howard knowingly caused physical contact with Watkins done in a rude, insulting, or angry manner in violation of K.S.A. 21-5413(a)(2).

The district court held a bench trial on October 20, 2023, and the State moved to amend Count I from domestic battery to simple battery. The prosecutor handed the amended complaint to the judge and defense counsel, but it is not included in the record. Before the State presented any evidence, Howard asked that the case be dismissed because neither Allen-Fielder nor Watkins were present to testify and Howard believed that violated her right to confront witnesses under the Sixth Amendment to the United States Constitution. The State responded that it did not intend to present any testimonial evidence from the victims so there was no confrontation issue. The district court ruled the trial would proceed and told Howard's counsel that "if you believe there are confrontation issues with any of the testimony as it is elicited, you'll need to make those objections." Howard's counsel replied, "Understood, Your Honor. Thank you."

The State called Daubert as its first witness. Daubert explained that he responded to a reported battery, and when he arrived at Jefferson's, he spoke to Allen-Fielder and Watkins. While testifying about those conversations, the following exchange occurred:

"Q.     Okay. So you mentioned that the two individuals who were reporting that they were battered, did you see any visible injuries to either one of them?

"A.     Ms. Watkins had a mark on her right ring finger near her ring, that she said was caused by the incident. And both of them had wet clothing.

"Q.     Okay. So with regard to the wet clothing, were you able to figure out generally what happened during this incident?

"A.     Yes.

"Q.     Okay. And what was that?

"A.     They were saying that Brenna Howard—

"[HOWARD'S COUNSEL]:  Objection, Your Honor, hearsay.

"[THE STATE]:  Judge, I'm fine with that identification being stricken for this witness. Apologies.

"BY [THE STATE]:

"Q.     Let me clarify. So without using names, just generally what happened?

"A.     Sure. A person came in, a white female came in that matched or was similar to that description that was given, threw a drink on Mr. Allen Fielder, left, came back a couple minutes later, threw a drink on Ms. Watkins, and then Ms. Watkins threw a drink on the female, and then the female started punching Ms. Watkins."

Courtnie Morgan, a Jefferson's employee at the time of the incident, testified that she saw the altercation. She described how a couple was dining at a table when a woman walked in and had an angry conversation with the couple but did nothing physical before leaving. A few minutes later the woman returned, picked up a drink and "threw it in the man's face first, and then at the woman." A physical fight then ensued between the two women. Morgan identified Howard as the woman who threw the drinks. She testified that after the two women began fighting, a male Jefferson's employee broke up the fight and kicked Howard out of the restaurant. Morgan claimed this fight stood out in her memory because it was more aggressive than others that occurred during her employment.

3

Lily Begeman, another Jefferson's employee at the time of the incident, testified next. Begeman had recently finished her shift and was sitting at the bar when she witnessed the fight. She described a man and a woman dining when another woman came in and yelled at the male diner, "[S]o this is who you are with now." Begeman then recalled the woman and the diners throwing several drinks, but she could not recall who threw the first one. She then recalled "the two women getting in a physical altercation." Begeman identified Howard as the woman who walked in and started yelling. Begeman stated she had reviewed security camera footage to help her identify Howard.

Marina Zickefoose was the assistant area manager for Jefferson's during the incident. She testified that she provided surveillance camera footage from inside the restaurant to the investigating officers.

Officer Daniel Palen testified to speaking with Zickefoose about obtaining surveillance footage from the restaurant. Zickefoose provided footage which was admitted into evidence. The State walked Palen through the footage, which showed a woman entering the restaurant, throwing a drink at a male diner now known to be Allen-Fielder, and then leaving the restaurant. Additional footage showed the same woman walking back into the restaurant a few minutes later, throwing a drink on the female diner, now known to be Watkins. Watkins threw a drink back at the woman and the two began to fight. Palen agreed the video was not clear enough to see facial features.

Howard did not testify at the bench trial. In closing argument, Howard's counsel pointed out that Howard could not be identified from the surveillance video footage and emphasized that Allen-Fielder and Watkins did not testify to provide any identification.

After closing arguments, the district court found Howard guilty of two counts of battery for throwing drinks on Allen-Fielder and Watkins, and not guilty of the other count involving the physical altercation between Howard and Watkins. The district court

found there was "no doubt" based on the surveillance camera footage that a woman walked into the restaurant and committed two batteries by throwing drinks on Allen-Fielder and Watkins. Thus, the district court determined the only remaining issue was identifying the batterer. To that end, the district court found Morgan's and Begeman's testimony "very credible" as to their identification of Howard. The district court proceeded immediately to sentencing, and sentenced Howard to a 24-hour jail term for each battery conviction, to be served concurrently. Howard timely appealed.

ANALYSIS

Howard's sole claim on appeal is that her battery convictions were based on inadmissible hearsay statements of Allen-Fielder and Watkins who did not testify at trial, and without the statements, the evidence was insufficient to support her convictions. The State responds that Howard has not adequately briefed this claim, nor has she adequately preserved it. On the merits, the State argues there was no hearsay at Howard's trial and even if the district court committed any error, it was harmless.

Hearsay is defined as "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter asserted." K.S.A. 2024 Supp. 60-460. The parties agree that appellate courts review a district court's decision to admit or exclude hearsay statements for an abuse of discretion. *State v. Sinnard*, 318 Kan. 261, 287, 543 P.3d 525 (2024). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

We will first address the State's procedural arguments. The State argues that Howard has not adequately briefed her hearsay claim because she fails to identify the

5

hearsay testimony she is challenging on appeal. But while Howard's brief may lack specificity on the testimony she is challenging, we can reasonably infer that she is challenging Daubert's testimony about his conversation in the restaurant with Allen-Fielder and Watkins, who did not testify at trial. Thus, we reject the State's assertion that Howard's hearsay claim is inadequately briefed.

The State's contention that Howard's hearsay claim is not preserved for appellate review is a different matter. The State points out that Howard's only contemporaneous objection to Daubert's testimony was Allen-Fielder's and Watkins' identification of Howard as the woman who confronted them in the restaurant—and this identification was stricken. Howard did not object to the rest of Daubert's testimony about what he learned from interviewing these two witnesses. The record reflects the State's assertion is correct.

K.S.A. 60-404 governs the effect of erroneous admission of evidence. The statute provides:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

This statute "generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record." *State v. Showalter*, 318 Kan. 338, 345, 543 P.3d 508 (2024). "[A]ny pretrial objection to the admission or exclusion of evidence must be preserved by contemporaneously objecting at trial, which can be accomplished through a standing objection." 318 Kan. at 345.

Howard claims that Daubert's testimony about his interview with Allen-Fielder and Watkins was inadmissible hearsay under K.S.A. 60-460, and a violation of her Sixth

6

Amendment right to confront witnesses against her. Starting first with the confrontation issue, Howard did not lodge an objection on that ground at any time during trial. She instead cites to the pretrial discussion where she, through counsel, asked that the case be dismissed as a violation of her right to confront witnesses because neither Allen-Fielder nor Watkins were present to testify. The district court ruled that the trial would proceed and advised Howard's counsel to object at trial if counsel believed there were any confrontation issues with any of the testimony as it was elicited at trial. Howard's counsel thanked the district court and replied that he understood.

Howard's pretrial attempt to dismiss the case on confrontation grounds is not a timely objection under K.S.A. 60-404 and the contemporaneous objection rule, especially when Howard lodged no continuing objection to the evidence for purposes of the trial. See *Showalter*, 318 Kan. at 345. Howard does not show anything in the record that can be construed as a timely objection on confrontation grounds in satisfaction of K.S.A. 60-404. To the extent that Howard argues her Sixth Amendment right to confront witnesses was violated by Daubert's testimony, she has not preserved that issue for appeal.

Turning to the hearsay claim, Howard's lone hearsay objection at trial came while Daubert testified about his conversation with Allen-Fielder and Watkins. Daubert stated, "They were saying that Brenna Howard—"when Howard's trial counsel interrupted and timely interposed an objection on hearsay grounds. The prosecutor responded by saying he agreed the identification of Howard should be "stricken for this witness." But the prosecutor then asked Daubert to explain, without using names, about what he learned had happened in the restaurant. Daubert testified without any further objection from Howard. Howard's challenge to this portion of Daubert's testimony was not preserved for appeal for lack of any contemporaneous objection under K.S.A. 60-404.

The Kansas Supreme Court has emphasized that the contemporaneous objection rule in K.S.A. 60-404 will be strictly enforced. *State v. King*, 288 Kan. 333, 349, 204

7

P.3d 585 (2009) ("From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims—including questions posed by a prosecutor and responses to those questions during trial—must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal."). Howard argues that even if she failed to preserve her claims for appeal, this court should grant review because it would serve the ends of justice or prevent the denial of a fundamental right. But the Kansas Supreme Court has rejected this identical argument. See *State v. Hollingsworth*, 289 Kan. 1250, 1256-57, 221 P.3d 1122 (2009); *State v. Richmond*, 289 Kan. 419, 429-30, 212 P.3d 165 (2009). The exceptions allowing an appellate court to address an issue for the first time on appeal do not apply to evidentiary claims subject to the contemporaneous objection rule under K.S.A. 60-404. *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010).

Howard had a bench trial and not a jury trial, and the contemporaneous objection rule has sometimes been relaxed in bench trials. In *State v. Spagnola*, 295 Kan. 1098, 1103, 289 P.3d 68 (2012), the same judge ruled on two pretrial suppression motions and also presided over the bench trial. The district court explicitly stated that it understood that future objections would be based on its ruling on the suppression issues and that those issues were clear. At trial, Spagnola objected to one piece of evidence, but not all the relevant evidence, on suppression grounds. Under those circumstances, the *Spagnola* court found a lack of contemporaneous objection did not bar preservation where the district court was attuned to the suppression issues. 295 Kan. at 1103.

But here, after denying Howard's pretrial motion to dismiss the case because of an alleged violation of Howard's right to confront witnesses, the district court explicitly advised Howard's counsel that he would need to object to any testimony as it was elicited at trial so the court could rule on the admissibility of the evidence as it was presented. There was no understanding between the court and counsel as to the basis of any trial objections, as there was in *Spagnola*. Under these circumstances, the contemporaneous objection rule under K.S.A. 60-404 must be strictly enforced at Howard's bench trial.

In sum, Howard's only contemporaneous objection to Daubert's trial testimony was to Allen-Fielder's and Watkins' identification of Howard as the woman who confronted them in the restaurant—and this identification was stricken. The missing identification from Daubert that Howard was the woman who threw drinks on Allen-Fielder and Watkins was supplied at trial by Morgan and Begeman, whose testimony the district court found "very credible." Howard did not object at trial to the rest of Daubert's testimony about what he learned from Allen-Fielder or Watkins on either confrontation or hearsay grounds. As a result, Howard's claim of error in the admission of Daubert's testimony is not preserved for appellate review under K.S.A. 60-404. This being Howard's only claim of error on appeal, we affirm her convictions of battery.

Affirmed.