NOT DESIGNATED FOR PUBLICATION

No. 127,608

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENDRA JANIECE DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed February 20, 2026. Affirmed.

*Dylan J. Pryor*, of Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

HURST, J.: This is Kendra Davis' second appeal from her convictions. After an incident during a traffic stop in which Davis was a passenger, the State charged her with unlawful possession of drugs and battery of a law enforcement officer. Davis moved to suppress evidence acquired during the traffic stop arguing the officers lacked reasonable suspicion to detain her and probable cause to arrest her. After a hearing, the district court denied the motion and proceeded to a bench trial on stipulated facts. The court found Davis guilty on all counts.

1

In her first appeal, Davis originally argued the district court failed to obtain a valid waiver of her jury trial right and erred in denying her motion to suppress. However, she later moved for summary disposition but asserted only the jury trial waiver issue. A panel of this court found her argument persuasive on the jury trial waiver issue and remanded the case for the district court to conduct a jury trial or obtain a valid jury trial waiver. The panel did not address any issue related to Davis' motion to suppress.

In accordance with the remand order, the district court granted Davis a new trial by jury. With newly appointed counsel, Davis filed several pretrial motions but did not file a motion to suppress or renew her previous suppression motion. Moreover, at trial Davis failed to object to the admission of any evidence addressed in her original motion to suppress. The jury found Davis guilty on all counts.

Davis now appeals for the second time arguing that the district court erred in denying her motion to suppress filed during the first trial. However, Davis failed to preserve this issue for appeal and therefore the district court's denial of her motion to suppress is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2019, a detective was watching a house that law enforcement officers suspected was involved in illegal drug activity. While the detective watched the house, a car arrived and the passenger exited the car and went into the house. After being inside the house for about five minutes, the passenger returned to the car and departed the area. The detective believed the passenger, later identified as Kendra Davis, was involved in the purchase of illegal drugs. The detective followed the car so as not to alert anyone inside the house that law enforcement was watching the house.

Two officers, in a marked patrol car, initiated a traffic stop of the car after the detective reported the suspected drug activity and the observed traffic violations. During the stop, one officer engaged the driver and the other engaged Davis. While one officer was writing a traffic citation, he glanced up and noticed the other officer in a physical struggle with Davis.

On July 12, 2019, the State charged Davis with unlawful possession of drugs and battery of a law enforcement officer related to that traffic stop. Davis moved to suppress all the evidence from the stop alleging the stop exceeded the permissible bounds of the Fourth Amendment because officers lacked the reasonable suspicion to detain her and lacked probable cause to arrest her. The details of the stop were testified to during the suppression hearing.

*The Suppression Hearing and Davis' First Trial*

Both officers testified at the suppression hearing before the first trial. The officer who engaged with Davis testified that as he stood by the passenger door, Davis became very nervous, started breathing very heavily, and started shaking. Davis got into her purse to open a box of cigarettes and then quickly shut it without grabbing a cigarette, which the officer thought was odd. Davis then reached for a different cigarette package and took out a cigarette. The officer testified that he knew people sometimes hid drugs in cigarette packages. By the time Davis started smoking her cigarette, the window was closed, which the officer testified seemed strange because the driver of the car was pregnant.

The officer testified that Davis' nervousness increased, with her hands shaking uncontrollably. He then observed that Davis placed a cloth over her hand and her purse, which was next to her left leg. The officer could see Davis' hands moving in the purse and then to her lap area under the cloth, but Davis made sure the cloth always covered her hands. The officer testified that he decided to detain Davis based on his suspicions, so he

3

opened the passenger door and saw Davis try to put something in the waistband of her pants. The officer explained how he and Davis then ended up in a physical struggle:

"[The Officer:] I grabbed her right wrist, if you will, to pull—to assist her out of the vehicle and with her left hand—and at that time when I was assisting her out of the vehicle I saw the white rock substance fall on to the floorboard of the vehicle, between the door frame and her seat, where I then observed Ms. Davis' left hand attempt to go to it, but I was able to quickly gain control of her—of both hands and exited her out of the car.

"[Counsel:] And where did this white rock substance come from?

"[The Officer:] It fell out of her lap, her left hand, it fell out from her possession some place, when we were pulling her out."

The State admitted the officer's body camera footage as an exhibit and played the video at the suppression hearing. The officer testified that his training and experience suggested that the rock substance was cocaine. Davis was arrested.

The court orally denied Davis' motion to suppress. The court discussed the evidence and noted the total time Davis was detained for the stop was 10 minutes and 40 seconds. The court found there was reasonable suspicion for the detention based on what officers knew about the car's visit to the suspected drug house and Davis' conduct during the traffic stop. The court also found officers had probable cause to arrest Davis based on officer safety and the potential destruction of evidence. The court then conducted a bench trial on stipulated facts and found Davis guilty on all counts. Davis appealed.

*Davis' First Appeal*

During the first appeal, Davis argued for the reversal of her convictions based on the district court's failure to obtain a waiver of Davis' right to a jury trial and the denial of her suppression motion. Before the State filed its brief, Davis moved for summary

4

disposition on the jury trial waiver issue—but did not include the suppression issue. The State filed a response seeking a remand to fix the waiver issue. This court granted Davis' motion for summary disposition under Kansas Supreme Court Rule 7.041 (2022 Kan. S. Ct. R. at 48) and remanded the case to the district court "with directions to either conduct a jury trial or obtain a valid waiver of [Davis'] jury trial rights." The appellate court did not address the suppression issue as part of the appeal.

*Davis' Second Trial*

Pursuant to the remand, the district court—with a different judge presiding—conducted pretrial motions followed by a jury trial. With newly appointed counsel, Davis filed a motion for discovery, motion for sequestration, and a motion in limine. Davis did not move to suppress evidence or address her suppression motion from the first trial. Additionally, Davis failed to object to the admission of any of the evidence at trial based on Fourth Amendment violations—or any other basis. Therefore, all the evidence objected to in Davis' original motion to suppress was admitted during the second trial without objection. During the second trial, both officers testified about the events consistent with their testimony at the suppression hearing, and the State admitted the officer's body camera video, publishing it for the jury without any objection. The jury found Davis guilty on all counts. She now appeals for a second time.

DISCUSSION

Davis argues the district court erred in denying her suppression motion, which is essentially an allegation of error from the admission of that evidence. However, this court can only review an alleged error from the admission of evidence when that issue is properly preserved for its review. *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010).

5

When a defendant claims a trial error from the wrongful admission of evidence, there must be a record of "objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." K.S.A. 60-404. Kansas appellate courts have consistently interpreted K.S.A. 60-404 to require parties to "make a specific and timely objection at trial" to the admission of evidence to ensure preservation of the evidentiary issue on appeal. *Dukes*, 290 Kan. at 488. Even when a defendant's pretrial suppression motion is denied, the defendant must still make a contemporaneous objection to the evidence at trial to preserve the issue for appeal. *State v. Sean*, 306 Kan. 963, 973, 399 P.3d 168 (2017).

The contemporaneous objection expectation is a longstanding rule that gives the district court "the opportunity to conduct the trial without using . . . tainted evidence, and thus avoid possible reversal and a new trial." *Baker v. State*, 204 Kan. 607, 611, 464 P.2d 212 (1970). The Kansas Supreme Court continues to embrace this sentiment. See *State v. Showalter*, 318 Kan. 338, 345-46, 543 P.3d 508 (2024) ("[A] timely and specific objection allows the district court to consider as fully as possible—in context—whether the evidence should be admitted, which reduces the chances of using tainted evidence and thus avoids possible reversal and a new trial.").

Here, the State's entire case relied on the officers' testimony and the body camera video, which captured the officers' interactions with Davis. This is the exact evidence Davis sought to suppress before the first bench trial. When the first trial was reversed and remanded for a new trial, and the district court conducted a new trial, the motion to suppress filed in the *first* trial no longer constituted a judgment against the defendant subject to appeal. See K.S.A. 22-3602(a) (providing the defendant's right to appeal "from any judgment against the defendant" and allowing appellate review of "any decision of the district court or intermediate order made in the progress of the case"). Davis' failure to file a new motion to suppress or object to the admission of evidence at the second trial meant the district court had no chance to consider—and the State had no opportunity to

address—whether admission of the evidence would impermissibly taint the trial. This is even more notable because a different judge presided over the second trial.

Davis admits in her appellate brief that she did not object when the evidence she moved to suppress from the *first* trial was admitted at her second trial—and thus the issue was not preserved from the second trial. She argues, however, that an exception to the general rule prohibiting appellate review of unpreserved claims applies, permitting this court's review of the district court's denial of her motion to suppress from the *first* trial. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (explaining exceptions permitting appellate review of unpreserved claims). Davis argues that her claim fits two exceptions in that it is a question of law arising on proved or admitted facts that is determinative of the case, and this court's consideration is necessary to serve the ends of justice.

However, the Kansas Supreme Court has made clear that these exceptions permitting prudential review of unpreserved claims do not apply to claims of error regarding the admission of evidence where a party failed to abide by K.S.A. 60-404. See *State v. Solis*, 305 Kan. 55, 62-63, 378 P.3d 532 (2016) ("We have specifically refused to allow the contemporaneous objection rule to be circumvented by the caselaw exception that is designed to serve the ends of justice or prevent a denial of a fundamental right."). The contemporaneous objection requirement is applied "even in cases where an evidentiary claim involve[s] a defendant's constitutional rights." *State v. Moore*, 302 Kan. 685, 698, 357 P.3d 275 (2015). Further, this court's review of unpreserved claims is prudential, meaning the court has discretion whether to apply an exception even when one could apply. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024).

This court finds no legal pathway permitting or warranting its review of Davis' claim. Davis purportedly appeals from the district court's denial of her motion to suppress filed before her conviction in the *first* trial—but that conviction was reversed on appeal

7

and remanded for a new trial. Therefore, the district court's denial of Davis' motion to suppress in her first trial does not constitute a judgment from which Davis can now appeal after conviction in the second trial. After being granted a new trial, Davis had an obligation to file a motion to suppress the evidence and object to the introduction of the evidence at the second trial—giving the district court an opportunity to address the issue.

The propriety of the contemporaneous objection rule is well-established—permitting district courts an opportunity to review objections to avoid admitting improper evidence.

CONCLUSION

Davis seeks this court's review of an evidentiary issue in her second trial, that she failed to object to, by pointing to the motion to suppress from her first trial even though her first trial was reversed on appeal. Although this is an unusual circumstance, Davis' motion to suppress during the first trial did not alleviate the need to contemporaneously object to the admission of evidence during the second trial. Davis had multiple bites at the apple to ensure her objections were made to the district court and thus preserved for appeal. Davis failed to preserve any issue regarding the admissibility of the evidence for appeal, and the district court is affirmed.

Affirmed.